Lester & Co. v. Given, Jones & Co.

CASE 67—PETITION—OCTOBER 28.

# Lester & Co. v. Given, Jones & Co.

APPEAL FROM MARION CIRCUIT COURT.

8b 357
97 473
8b 357
†101 165
8bu357
,103 591
8bu 357
. 112 314
e112 328
j112 329
ᵇbu357
·e116 376
ᵇbu357
e116 376
8bu 357
123 490
8bu 357
132 531

1. THE HOLDER OF AN UNACCEPTED CHECK ON BANKERS MAY MAINTAIN AN ACTION AGAINST THEM FOR NON-PAYMENT ON PRESENTATION AND DEMAND, it being made to appear that the drawer had a sufficient deposit to pay the check at the time it was drawn, and notice thereof given to the bankers that it was drawn upon funds in their hands belonging to the drawer.

2. *The distinguishing characteristics between a check and an ordinary bill of exchange* are fully set forth in the opinion in this case.

3. A check is an absolute appropriation of so much money in the hands of the banker to the holder of the check, to remain there until called for, and can not after notice be withdrawn by the drawer.

4. The holder of a check, though taken some days after its date, takes it free from all equities.

5. A check is never treated as overdue, being payable on presentation and demand.

6. A bill of exchange or promissory note taken after the date of payment, or when it is overdue, subjects the holder to all the equities attaching to it in the hands of the party from whom he receives it.

RUSSELL & AVRITT, . . . . . . . . For Appellants,

CITED

18 B. Monroe, 754, Buckner v. Sayre.

ROUNTREE & FOGLE, . . . . . : . . . For Appellees,

CITED

1 Parsons on Notes and Bills, pages 330–333, and notes.
2 Parsons on Notes and Bills, pages 60–63, and notes.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT.

This action was brought by appellants against N. S. Ray, D. W. Jones, D. A. Given, L. M. Flournoy, and R. L. Cobb & Sons, on the following writing:

"No. 1122.    $220.        EDDYVILLE, KY., April 17, 1867.

"In current funds pay to the order of James Lester & Co. two hundred and twenty dollars, value received, and charge same to account of                    R. L. COBB & SONS.
To GIVEN, JONES & Co., 33 Broad Street, New York.

Indorsed: "Pay to Wilson, Peter & Co. order.

JAMES LESTER & Co."

"Pay to James L. Worth, cashier, or order."

A notary public's certificate is attached to said paper, in which he certifies that he did, on the 13th of May, 1867, present said paper at the request of the holders thereof to the parties to whom the same was addressed, at their place of business, No. 33 Broad Street, New York, and demanded payment thereof, which was refused, and he thereupon protested the same for non-payment.

In their petition appellants allege that said Ray, Jones, Given, and L. M. Flournoy were engaged in the business of banking in the City of New York, under the firm-name of Given, Jones & Co.; and previous to the 8th of May, 1867, said firm was indebted to said Cobb & Sons in a sum over two hundred and twenty dollars; and being thus indebted the said Cobb & Sons, on the 17th day of April, in the year afore-

said, drew the check in favor of plaintiffs heretofore copied, which is made a part of the petition; that on the day said check was drawn they notified said firm thereof, and that it was drawn on the funds in their hands belonging to said Cobb & Sons; that on the 13th of May, 1867, they caused said check to be presented to said Given, Jones & Co. for payment at their place of business, being the same place therein named for payment, and it was protested for non-payment, although said firm had then in its possession funds belonging to said Cobb & Sons sufficient to pay and discharge the same.

It is further alleged that R. L. Cobb & Sons, on the 17th day of April, 1867, had deposited with Given, Jones & Co. $227.97, and on that day assigned by parol, for a valuable consideration, two hundred and twenty dollars thereof to appellants, of which assignment Given, Jones & Co. had notice; and on the 13th of May, 1867, payment was demanded of them at their banking-house and place of business in the City of New York, and they then and there refused to pay said sum of money, although they had the amount on deposit as aforesaid.

Appellee Ray, the only defendant on whom a summons had been executed, appeared and demurred to the petition; his demurrer was sustained; and appellants declining to amend, the petition was dismissed, and they have appealed.

The learned counsel for appellee contend that whether the instrument be a bill of exchange or a common bank check can make no difference. As it has never been accepted, appellants as holders thereof can not maintain an action against the drawers, or either of them, because there is no privity of contract between them. And whether that is correct as a legal proposition is the question presented for determination by this appeal, and we are not aware that it has been settled by this court in any adjudged case.

The paper under consideration is emphatically a *check,*

differing from an ordinary bill of exchange in the following particulars: *First*, it is drawn on bankers as is alleged, and is payable immediately on presentment, without any days of grace; *second*, it is payable immediately on presentment, and no acceptance as distinct from payment is required; and *third*, by its terms it is supposed to be drawn upon a previous deposit of funds, and is an absolute appropriation of so much money in the hands of the bankers to the holder of the check, to remain there until called for, and can not after notice be withdrawn by the drawer.

These are the distinguishing characteristics between a check and an ordinary bill of exchange, as pointed out in Story on Promissory Notes, section 489; and some of the legal consequences of this difference are that the holder of a check, though taken some days after its date, takes it free from all equities, because it is never treated as overdue, being payable on presentment or demand; whereas it is a well-known rule of law that a bill of exchange or promissory note, taken after the day of payment, or when it is overdue, as the common phrase is, subjects the holder to all the equities attaching to it in the hands of the party from whom he receives it.

In the next place the drawer of a bill of exchange is liable for payment thereof only on condition that it has been duly presented for payment at its maturity and dishonored, and he has received due notice of its dishonor; and in either case it makes no difference whether he has suffered any loss or injury thereby or not. In case of a check the drawer is treated as in some sort the principal debtor, and he is not discharged by any laches of the holder in not making due presentment thereof, or in not giving him notice of the dishonor, unless he suffered some loss or injury thereby, and then only *pro tanto.* (*Ibid.*, section 491, 492.)

As therefore no acceptance of a check is required from the nature of the paper, it must follow that if the holder can have

a right of action against the payers or drawers it can not depend upon the acceptance thereof.

In Buckner, &c. v. Sayre, 18 B. Mon. 745, this court held, upon a number of authorities cited, that the doctrine was well settled that an order drawn by a debtor on a person having funds in his hands is, after the presentment to the drawee, an assignment of such funds to the extent of the order, and the drawee can not legally part with such funds to the drawer or any other person, and consequently must pay the same to the holder of the order. And in 2 Parsons on Bills and Notes, page 61, an authority to which we are referred by counsel for appellee, it is said: "While therefore we admit that a bank may be liable, in a proper action, to a holder of a check for a wanton or fraudulent refusal to pay a check, whereby the holder lost the funds, yet only in such cases could any action be maintained against the bank for the refusal."

Then, taking the allegations of the petition as true, which is done for the purposes of the demurrer, the refusal of the bankers, of whom appellee was one, to pay the check was wanton, at least, because he had the funds and made no objections to the check; and as the drawers after demand could not collect the funds, it would seem irresistibly to result that appellants must have the right to maintain the action, otherwise the drawees would not be responsible to any one for the funds in their hands.

We therefore conclude that the petition set forth a good cause of action. Wherefore the judgment is reversed, and the cause is remanded with directions to overrule the demurrer, and for further proceedings consistent herewith.