CASE 24—PETITION ORDINARY—APRIL 15.

# Blades v. The Grant County Deposit Bank, &c.

### APPEAL FROM GRANT CIRCUIT COURT.

1. LIMITATION—CERTIFIED CHECKS—REFUSAL TO PAY.—The provision of sec. 2515, of the Kentucky Statutes (sec. 2, art. 3. chap. 71, Gen. Stats.) that "an action upon a bill of exchange, check, draft or order, or any endorsement thereof, or upon a promissory note placed upon a footing of a bill of exchange * * * shall be commenced within five years next after the cause of action accrued," applies to actions upon certified checks. The endorsement on the check by the cashier of the bank "good for $100 when properly endorsed" does not make the instrument less or other than a check in the meaning of that section.
2. TRUSTS.—Whether the bank was in the attitude of a trustee of the funds out of which the check was payable, does not affect the running of the statute of limitation, because the refusal of the bank to pay the check was equivalent to a repudiation of the trust.
3. PRACTICE IN CIVIL CASES.—But inasmuch as the lower court first sustained the demurrer to the answer pleading the five years limitation, and the appellant was not given an opportunity to plead in avoidance of the plea of limitation, the judgment is reversed that he may have such opportunity.

L. T. APPLEGATE AND C. C. CRAM FOR APPELLANT.

W. W. DICKERSON AND JAMES T. WILLIS FOR APPELLEE.
(Record and briefs not in the office.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

January 3, 1888, Bennett & Clark, a firm, drew a check, payable to themselves, on the Grant County Deposit Bank for $100, upon the face of which was written by its cashier the following: "Good for $100 when properly endorsed, 1-3-88. W. G. Grant, cas." Bennett & Clark, in part consideration of a horse, endorsed and delivered the check to J. E. Blades,

who, January 5, 1888, presented to and demanded payment of Grant county Deposit Bank, which was refused by order of Bennett & Clark.

September 21, 1893, Blades brought this action against the bank to recover amount of the check, together with protest fees and interest. But the law and facts having, by agreement of the parties, been submitted to the court, judgment was rendered dismissing the action.

Various grounds of defense were pleaded, and issue was made as to warranty of soundness of the horse, and failure of consideration for the check between Bennett & Clark nd Blades, who had been required by the court to interplead. But we need not on this appeal consider any other question than that whether recovery on the check is barred by limitation of five years, plea of which was, however, on general demurrer decided by the lower court to be insufficient.

Section 2515, Kentucky Statutes, which is the same as was section 2, article 3, chapter 71, General Statutes, provides that "an action upon a bill of exchange, check, draft or order or any endorsement thereof, or upon a promissory note placed upon the footing of a bill of exchange, * * * shall be commenced within five years next after the cause of action accrued." And if it is applicable to this case, then recovery is barred by limitation, because the action was not commenced within five years next before the cause of it accrued, which was when payment of the check was demanded and refused.

It is however, argued by counsel the action was brought not on the check, or endorsement thereof, but, on the written acceptance by the party now sought to be made bound; and

that, consequently, it might have been commenced at any time within fifteen years after cause of it accrued.

It is true the writing on the face of the check served to fix responsibility upon and virtually make the bank the principal debtor, because thereby was certified to holders of it the fact that the drawer had funds on deposit sufficient to pay the check; but that writing, though evidence of an essential fact, did not make the instrument less or other than a check in meaning of section 2515; nor was it indispensable in order to render the bank liable on the check. For, as held by this court, in Lester & Co. v. Givins, Jones & Co., 8 Bush, 357, the holder of even an uncertified check on a bank may, after a demand and refusal of payment, maintain an action on it upon making it appear the drawer had a sufficient deposit to pay the check at the time it was drawn, and notice thereof was given to the bank the check was drawn upon.

The check when endorsed to appellant, Blades, became evidence of his legal right to demand and receive, and upon refusal of payment by appellee, the bank, to sue for and recover amount of it. Consequently there is no reason why this action should be treated otherwise than an action on the check; and, being so, the limitation of five years applies.

It is further argued that appellee was in the attitude of a trustee of the funds out of which the check was payable, and, therefore, the statute of limitation did not run. Whether such was the case or not, certainly a cause of action on the check accrued when payment was demanded and refused by the bank, such refusal being equivalent to repudiation of the trust.

As, therefore, limitation of five years, being duly pleaded, is an effectual bar to recovery in this case, the judgment dismissing the action must be affirmed.

The court delivered the following modification of opinion June 12, 1897:

As the lower court at first sustained a demurrer to the answer in which was pleaded limitation of five years in bar of the action, it is irregular to finally adjudge the plea to be an effectual bar to the action, without affording appellant, plaintiff in the action, an opportunity to set up in his reply a state of facts in avoidance of the plea of limitation, which, it is stated in the petition for rehearing, might and would have been done by appellant if he had not been misled.

We, therefore, regard it the duty of this court to grant a rehearing and reverse the judgment, not because we have changed our views as the record stands, but that appellant may have an opportunity to set up in reply whatever he can properly and successfully plead in avoidance of the defense of limitation.