CASE 81—PETITION EQUITY—MAY 12.

# David v. Merchants National Bank of Cincinnati.

APPEAL FROM KENTON CIRCUIT COURT.

1. COMMERCIAL LAW—CHECKS—PRIMA FACIE CAUSE OF ACTION.—The holder of a check, the payor of which has refused payment thereof by order of the drawer, has a *prima facie* cause of action against the drawer.

2. CHECKS—FRAUD IN EXECUTION—BURDEN OF PROOF.—While the payment of a check in the hands of a *bona fide* purchaser can not be defeated because it was obtained from the drawer by fraud of the payee, when that fact is shown, the burden is on the holder of showing a *bona fide* title in order to recover.

HARVEY MYERS FOR APPELLANT.

1. An ordinary bank check dated and executed in Kentucky and drawn upon a bank in Kentucky, is not a foreign bill of exchange,

David v. Merchants' National Bank of Cincinnati.

or upon the footing of a foreign bill of exchange, so as to be free from all equities. Bouvier's Law Dictionary, page 212; A. & E. Enc. of Law, vol. 16, page 479; Ky. Statutes, secs. 474, 478 and 483; Payne v. Bank, 10 Bush, 176; Kent's Commentaries, 81; Greenwell v. Hayden, 78 Ky., 332; A. & E. Enc. of Law, vol. 2, page 390.

2. The case of Lester, etc. v. Given, Jones & Co., 8 Bush, 280, is distinguished from the case at bar.

3. The customer of a bank has the right to countermand the payment of a check before it is paid, and take upon himself the consequences of such act. Albers v. Commercial Bank, 85 Mo., 176; Florence Mining Co. v. Brown, etc., 124 U. S., 585.

ORLANDO P. SCHMIDT FOR APPELLEES.

1. The holder of a check, though taken by him some days after it is dated, takes it free from all equities, because it is never treated as over due, being payable on demand; and the drawer is treated as principal debtor and is not discharged by any *laches* of the holder. Lester, etc. v. Givens, Jones & Co., 8 Bush, 360; Harpending's Executor v. Daniel, 80 Ky., 451; Bull v. First National Bank, 123 U. S., 105; Merchants Bank v. State Bank, 77 U. S. (10 Wallace), 604; Stewart v. Smith, 17 Ohio State, 85; Daniels on Negotiable Instruments, vol. 2, secs. 1556, 1652 and 1640.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

The Merchants' National Bank of Cincinnati, Ohio, brought this action against W. H. David, to recover on the following bank check:

No. 179.                              Covington, Ky., June 13, 1893.
Farmers' and Traders' National Bank.

Pay to Geo. S. Crawford, Pres., or order, three hundred and fifty dollars.                              W. H. DAVID.
$350.00.

Endorsed, GEO. S. CRAWFORD, Pres.

For collection and credit.

Merchants' National Bank, Cincinnati, O.,

W. W. BROWN, Cashier.

Two defenses were made to the action: First, that there was no consideration for the execution of the check in question and it had been procured from him by the fraud and misrepresentation of the payee.

The second paragraph contains a denial of the allegation in the petition that Crawford, the payee, by written endorsement on the check, or otherwise, sold and transferred it to the plaintiff at its banking house in Cincinnati, O., or elsewhere; or that appellee ever paid for said check the sum of $350, or any other sum; or ever became the owner thereof, and it is stated that if the check was ever delivered to appellee it was deposited merely for collection, and if presented by appellee for payment it was presented for collection and not on appellee's own account.

To the first paragraph a general demurrer was sustained. To the second paragraph a reply was filed containing a denial of the affirmative allegations of the answer. In this connection it is proper to say appellant tendered an amended answer in which the mode by which Crawford committed the alleged fraud in obtaining the check was more specifically set out than in the original answer. But refusal of the court to permit the amended answer filed can not be treated as reversible error unless the alleged want of consideration and fraud be legal defenses to this action. A question never heretofore distinctly determined by this court thus arises, whether such check is to be treated like a bill of exchange that has been taken and presented for payment before maturity, and the dishonor of which the drawer has had due notice.

David v. Merchants' National Bank of Cincinnati.

The sections of the Kentucky Statutes applicable are as follows:

"Section 474. All bonds, bills or notes for money or property shall be assignable so as to vest the right of action in the assignee; but except in case of bills of exchange, not to impair the right to any defense, discount or offset that the defendant has and might have used against the original obligee or any intermediate assignor before notice of the assignment.

"Section 478. Bills, drafts or checks, payable in bank notes or currency, or other funds. wheresoever drawn or payable, shall be deemed negotiable and treated in all respects as if drawn for money, except as to the value of the currency in which they are payable.

"Section 483. Promissory notes, payable to any person or to a corporation, and payable and negotiable at any bank incorporated under any law of this Commonwealth or organized in this Commonwealth under any law of the United States, which shall be indorsed to, and discounted by, the bank at which the same is payable, or by any other of the banks in this Commonwealth, as above specified, shall be, and they are hereby, placed on the same footing as foreign bills of exchange."

It will be observed that the conditions upon which promissory notes may be placed upon the same footing as foreign bills of exchange are only prescribed in section 483, no mention being made therein or elsewhere in the statutes of the conditions upon which checks or drafts are to be so treated.

For a definition of the nature, character and quality of a

check it was, therefore, evidently intended resort should be had to the common law, or law merchant.

Section 1652, Daniel on Negotiable Instruments, is as follows: "Whenever a check is negotiable it is undoubtedly subject to the same principles which govern ordinary bills of exchange in respect to the rights of the holder. In the first place it is evidence of a valuable consideration as between the immediate parties thereto and between the plaintiff and the drawer when payable to bearer. In the second place, it may be transferred by indorsement or by delivery without indorsement when payable to bearer. In the third place, when sued upon, the possession is *prima facie* evidence of title, and the plaintiff is presumed to be a *bona fide* holder for value without notice of any defense existing between prior parties, and such defenses can not be pleaded against him. In the fourth place, even when it is proved that the real owner parted with it, or that the drawer drew it without consideration, the burden of proving *bona fide* ownership for value without notice will not devolve upon the holder; but when shown to have been drawn for an illegal consideration, or to have been obtained from the drawer by fraud or theft, the burden of proof is thrown upon the holder, and he must show a *bona fide* title in order to recover. And in the fifth place, when a check is presented for payment by the holder his indorsement is a guarantee of the validity of all prior indorsements, rendering him liable to refund any payment to him by virtue of an illegal indorsement through which he claims title."

The description of the quality of a bank check and dis-

tinction between it and a bill of exchange thus stated is similar to that laid down by previous text writers on the subject, and has been accepted and approved generally by this court, and particularly in the case of Lester & Co. v. Givens, Jones & Co., 8 Bush, 357.

As the paper in question fulfills the description of a bank check, and the payor, Farmers and Traders Bank, by order of appellant, refused payment when demanded by appellee, the holder, the latter has *prima facie* a cause of action against the drawer.

But in our opinion the court erred in sustaining a demurrer to the first paragraph of the answer, and in refusing to permit the amended answer filed. For although the alleged fraudulent attainment of the check, even if a fact, would not avail as a defense if appellee be a *bona fide* purchaser and owner, still if proved would have had the effect of imposing upon appellee the burden of showing a *bona fide* title in order to recover.

It is true appellee offered oral testimony tending to show it acquired by purchase *bona fide* title to the check. Nevertheless the written indorsement thereon shows that it was transferred to appellee "for collection and credit" merely, and not to pass the title. Moreover, appellant did not take any testimony on that issue, nor, the demurrer to the first paragraph of his answer being sustained, was it necessary for any testimony to be taken by either him or appellant.

Wherefore, for the error indicated the judgment is reversed and case remanded for a trial of the issue, whether appellee as a *bona fide* purchaser acquired title to the check and for proceedings consistent with this opinion.