Second Nat. Bank, of Louisville, v. Merchants' Nat. Bank, of New Albany, Ind.

CASE 106—ACTION TO RECOVER THE AMOUNT OF CERTAIN NOTES AL-
LEGED TO HAVE BEEN LOST BY THE NEGLIGENCE OF DEFENDANT—
Nov. 15.

# Second Nat. Bank of Louisville v. Merchants Nat. Bank of New Albany, Ind.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

BANKS AND BANKING—LIABILITY FOR NEGLIGENCE OF CORRESPONDENT—
FAILURE TO INQUIRE OF CORRESPONDENT AS TO CAUSE OF DELAY—
SENDING TO BANK FOR COLLECTION A NOTE AGAINST ITS CASHIER
—PLEADING.

Held:    1. A bank is not liable to its customer for negligence of
its correspondent as to the collection of a note, where there
was no negligence in the selection of the correspondent.

2. While defendant bank was not negligent in sending to another
bank for collection, notes against a corporation of which the
latter bank's cashier was the secretary and treasurer, yet, upon
failing to hear from its correspondent immediately after the
maturity of the notes, defendant should have made inquiry, and
have notified its customer of the cause of the trouble, the time
being one of great financial stress; and failing to do this until
after the lapse of several weeks, and until after its corres-
pondent had failed, defendant is liable for the loss resulting
from its correspondent's failure to present the notes for pay-
ment, or to protest them for nonpayment.

3. As plaintiff bank alleged in its petition that defendant bank was
guilty of gross negligence in the collection of the notes, and
that no notice was given plaintiff of their nonpayment, or to
what bank they had been sent, until a certain date, and that
the notes were not presented for payment and not protested,
and that by reason thereof the money was lost, and defendant
denied these allegations, and pleaded affirmatively that it ex-
ercised reasonable care throughout the transaction, the issue
as to defendant's liability for failing to make inquiry of its
correspondent and to notify plaintiff as to the cause of the delay
was presented.

4. After defendant had sent one of the notes for collection, and
failed to hear from it after maturity, it was negligent in send-

Second Nat. Bank, of Louisville, v. Merchants' Nat. Bank, of New Albany, Ind.

ing the other note to the same bank without having made any inquiry as to the former note.

A. E. WILLSON FOR APPELLANT.

Some time prior to April, 1893, the appellee, Merchants' Nat. Bank, of New Albany, Ind., opened an account with appellant. Second Nat. Bank, of Louisville, Ky., and the latter agreed to pay three per cent. interest upon daily balances in favor of the New Albany bank, and to do its bank collecting without charge.

On April 1, 1893, the Bedford Stone Quarries Company, a corporation doing business at Bedford, Ind., executed its two negotiable notes to the New Albany Mfg. Co. for $652.07 and $650, payable at the Bedford Bank, of Bedford, Ind., in thirty· and sixty days. The New Albany Mfg. Co. discounted these two notes before maturity to the Merchants Nat. Bank, and the latter, on April 22d, sent the 30-day note, which matured May 4th, to appellant by mail for collection, and on the day it was received appellant sent it to its regular correspondent, the Bedford Bank, at Bedford, for collection. This bank, as the evidence shows, and the lower court found, was the largest and oldest bank in Bedford, and in good standing down to the day of its failure, on June 6, 1893.

On May 13th, appellee sent the 60-day note to appellant for collection, and the latter, on the day it was received, sent it also to the Bedford Bank for collection. This was about ten days after the maturity of the first note and appellant had not received any information as to the fate of the first note.

On June 6th, three days after the second note matured, the Bedford Bank assigned for the benefit of creditors, and up to this time appellant had received no information from it, as to whether either of the notes had been paid. On June 7th appellee wrote to the appellant asking a report of these two notes, and appellant replied that it had made inquiry of the Bedford Bank why it had not reported on them, and on June 14th the notes were returned to appellant by the Bedford Bank unpaid and unprotested, and on same day appellant returned them to appellee as unpaid items. On the next day appellee returned them to appellant with the statement that the New Albany Mfg. Co. claimed that due diligence had not been used, and through the failure of the Bedford Bank to protest the notes it was released from liability, as indorser or assignor, and that appellee charged appellant's account with the amount of the notes.

932          KENTUCKY REPORTS.          [Vol. 111

Second Nat. Bank, of Louisville, v. Merchants' Nat. Bank, of New
Albany, Ind.

A careful analysis of appellee's plea shows that the acts of negligence charged are:

1. That appellant was negligent in sending the notes to the bank of which W. C. Winstandley was president, as he was also secretary and treasurer of the maker of the notes.

2. That it failed to present the notes for payment or to cause its agent, the Bedford Bank, to do so, or to protest or cause the Bedford Bank to protest them, or to give notice of nonpayment and protest to the endorser.

3. That it did not give appellee notice of the nonpayment and nonprotest until June 14th.

4. It claims that if notice of nonpayment and protest had been given to the endorser it would have paid them immediately after maturity, and because of failure to give such notice the endorser was relieved of liability.

5. It alleges that *the Bedford Bank was insolvent at the time the notes were sent to it by appellant,* and that nothing could be made out of it after its negligence in not presenting them for payment or protesting said notes.

6. It alleges that the Bedford Stone Quarries Co. was insolvent on June 14th, but does not allege or show that anything could have been made out of it after the maturity of the notes or either of them.

These are the only issues, and are all traversed, and are all decided in the lower court in favor of appellant, and the conclusions reached by the lower court, adverse to appellant, are predicated entirely upon omissions of appellant, and inferences of negligence not alleged in appellee's pleadings, and about which there was no issue made.

### AUTHORITIES CITED.

Farmers' Bank v. Newland, 97 Ky., 464; Bamberger, Bloom & Co. v. Bank of Tupelo, 15 Ky. Law Rep., 361; McCain v. L. & N. R. R. Co., 13 Ky. Law Rep., 334; Leech v. N. N. & M. V. R. R. Co., 16 Ky. Law Rep., 287; Greer v. L. & N. R. R. Co., 94 Ky., 169; Morse on Banks & Banking (3d Ed.), secs. 235, 236, 283; Warren Bank v. Suffolk Bank, 10 Cush., 583; Hyde v. Planters' Bank, 17 La., 560; Baldwin v. Bank of Louisville, 1 La. Ann., 13.

HUMPHREY, BURNETT & HUMPHREY FOR APPELLEE.

(No brief.)

Second Nat. Bank, of Louisville, v. Merchants' Nat. Bank, of New
Albany, Ind.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

The Second National Bank of Louisville made an agreement with the Merchants' National Bank of New Albany, Ind., by which, in consideration of the New Albany bank depositing with it its surplus, it agreed to pay three per cent. interest upon the daily balances in favor of the New Albany bank, and also agreed to do the collecting of that bank without charge.    After this, on April 1, 1893, the Bedford Stone Quarries Company, a corporation doing business at Bedford, Ind., executed its two negotiable notes to the New Albany Manufacturing Company, a corporation doing business in New Albany, Ind.,—one for $652.07, due in thirty days, and the other for $650, due in sixty days,—both payable at the Bedford Bank, of Bedford, Ind.    The New Albany Manufacturing Company discounted the notes before maturity to the Merchants' National Bank, and the latter on April 22d sent the thirty-day note, which matured May 4th, to appellant by mail, for collection, and on May 13th sent it the other note in like manner.    Appellant, on the same day that it received the notes, sent them to the Bedford bank for collection.    On June 6, 1893, the Bedford bank assigned for the benefit of its creditors; and so, soon afterwards, did the Bedford Stone Quarries Company, the maker of the two notes.    On June 14th the two notes were returned to appellant unpaid and unprotested, and were returned by it to the New Albany bank.    On the next day it returned them to appellant, claiming that diligence had not been used, and that by the failure to protest them the indorser was released.    The notes were governed by the laws of Indiana, and thereby were placed on the footing of foreign bills of exchange.    The indorser was therefore released, and, the maker being insolvent, it was insisted

934        KENTUCKY REPORTS.        [Vol. 111

Second Nat. Bank, of Louisville, v. Merchants' Nat. Bank, of New Albany, Ind.

by the New Albany bank that appellant was liable to it for the amount of the notes. The court below adjudged in favor of the New Albany bank.

That the Bedford bank was negligent, and that it is primarily liable for the loss, is admitted; but appellant is not liable for the neglect of its correspondent. In Bank v. Newland, 97 Ky., 464 (17 R. 329) (31 S. W., 38), this court said: "When a customer deposits with a bank a note, bill of exchange, certificate of deposit, check, etc., for collection at a point distant from the location of the bank, he must know the bank can not send one of its officers or agents to such point to make the collection. He is presumed to know the method employed by banks in making such collections. He knows that the bank must select some other bank or agency to aid in accomplishing the undertaking imposed on it.    He has made the bank his agent for that purpose. He has employed the bank to do, through its method of making collection, that which would cost him much time and money to do himself. When he so engages the bank, and makes it his agent to make the collection, he does so with the implied understanding that the bank will follow the customary method in making such collections, which necessitates the selection of agents or correspondents at other points to carry out the undertaking; and the bank can only be held responsible for the exercise of due care and diligence in making such selection." The evidence in this case shows very conclusively that the Bedford bank was regarded as solvent, and appellant can not be held liable for negligence in the selection of the agent. But there are other facts shown by the proof. The notes were both signed thus:    "Bedford Stone Quarries Company, by W. C. Winstandley, Secretary and Treasurer."

W. C. Winstandley was also the cashier of the Bedford
bank and appellant knew this.   By the course of business
between the two banks, if a note was collected the amount
was immediately remitted by the Bedford bank to the ap-
pellant.    When the note matured on May 4th, and nothing
was heard from it, appellant should have ascertained the
cause, and in a reasonable time thereafter have given no-
tice to the New Albany bank of the situation.   Notwith-
standing this, on May 13th it forwarded to the Bedford
bank the other note, and took no steps, so far as appears
with any certainty, until June 7th, when in response to a
letter from appellee a tracer was sent; and after this, on
June 14th, the notes were returned by the Bedford bank,
with the statement that they had not been protested be-
cause the maker expected to pay them from day to day.
The New Albany bank had no notice of the state of af-
fairs until June 14th, or eight days after the Bedford bank
had failed, and only twenty days before the stone quar-
ries company failed.   At the time of the transaction a
great panic was on the verge of sweeping over the country,
and business men everywhere were on the alert.    The
bank that collects for its correspondent must use due dili-
gence; and, while it was not negligence to send the notes
to the bank of which Winstandley was cashier, although
he filled the position of secretary and treasurer in the quar-
ries company, still, when the notes were not paid or
protested according to the usual course of business, the
exercise of ordinary care was required of appellant, to
learn what the trouble was and apprise its customer of it,
especially under the existing conditions in the financial
world.    In Shipsey v. Bank, 59 N. Y., 485, the plaintiff de-
posited a check drawn by another upon a bank at Port-

chester with the defendant for collection, who forwarded it by mail on the same day. It should have reached Portchester on the 3d, and an answer on that day would have reached the defendant on the 4th. The check was lost. The defendant did not discover the loss until the 16th, and on the 18th it notified the plaintiff. The drawer failed on the 20th, and before another check could be forwarded. The defendant was held liable for the loss, in not discovering and notifying the plaintiff sooner of the loss of the check. In First National Bank of Trinidad v. First National Bank of Denver, 4 Dill., 290, Fed. Cas., No. 4,810, the check was sent for collection on January 10th, and remained good until January 29th; but the defendant made no inquiries until February 9th, and gave the plaintiff no notice of the non-payment of the draft until February 11th. The bank was held responsible, Judge Dillon saying that the decisions in England and in this country are uniform; that such delay to make inquiry and omission to notify the party interested imposed a liability for the loss. See, also, 3 Am. & Eng. Ency. Law (2d. Ed.) p. 805, and cases cited. These authorities seem to use conclusive of the case before us. It was the duty of appellant to use reasonable skill and diligence in protecting the interest of its depositor, and, in determining whether it did this, we must look to all the circumstances of the case. It was a time of great financial stress. Winstandley, whose duty it was, as cashier of the Bedford bank, to collect the note, was the treasurer of the stone company, and therefore the person whose duty it was to pay it. The sum of the matter was that Winstandley was to collect the note from himself. While a bank, in forwarding paper for collection to its correspondent, is not required to inquire who its officers are, before

sending the paper, when it does actually know that the cashier is to collect the note from himself, and the paper is not paid or heard from after maturity, in a time of financial pressure, inquiry should be made by it promptly, and notice given the depositor without unreasonable delay.   On May 5th appellant should have received either the money or notice of protest of the first note.   It was grossly negligent if it made no inquiries before the 13th, and, if it made such inquiries, it was equally negligent to forward the second note to the Bedford bank without an answer to its tracer.   For it was bound to know that the indorser on the first note had been released, and it should have taken reasonable steps to protect the interest of appellee.

It is urged for appellant that the pleadings are not sufficient to present this issue.   It is alleged by appellee that appellant did not exercise reasonable care and diligence in collecting the note, or any care whatever, but was guilty of gross negligence in the collection thereof, and that no notice was given it of the nonpayment of the notes, or to what bank they had been sent, until June 15th; that the notes were not presented for payment, and not protested; and that by reason thereof the money was lost to appellee.   Appellant denied these allegations, and pleaded affirmatively that it did exercise reasonable care and diligence throughout the transaction, and that the loss was without fault on its part.   The pleadings aptly present the issue which the court tried.

It is also insisted that the finding of the court that appellant took no steps to trace the notes until June 7th is erroneous, and in support of this we are referred to the deposition of appellant's cashier, who states that the collection clerk sent a tracer before June 7th.   But when this

tracer was sent does not appear, or what information was received in answer to it. Taken as a whole, the cash-ier's deposition shows that he has little real personal knowledge on this subject. If the tracer was not sent promptly after May 5th, appellant was negligent in the de-lay. If it was sent in a reasonable time after May 5th, it should have been answered in a day or two. If in an-swer to it appellant learned the true situation, or if it got no answer, it was grossly negligent in allowing the matter to run along as it was without any steps to pro-tect appellee's interest or notice to it, and in sending mean-while the second note to the same person for collection.

Judgment affirmed.