## Falls City Woolen Mills v. Louisville National Banking Company.

(Decided October 24, 1911.)

Appeal from Jefferson Circuit Court.
(Common Pleas Branch, Third Division.)

1. **Banks—Checks for Collection—Liability.**—A bank taking a check from a customer for collection and crediting him by the proceeds is not liable to him where without negligence on its part, the check is collected by its correspondent and the proceeds lost.

2. **Same.**—A bank does not buy a check but takes it for collection when it credits its customer by the proceeds giving him a deposit slip providing that its credited subject to final payment, and the facts surrounding the transaction showing that there was no sale of the check.

BODLEY & BASKIN for appellant.

TYLER BARNETT, J. C. DODD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The Falls City Woolen Mills, a corporation having its headquarters in Louisville, had a deposit account with the Louisville National Banking Company, and made deposits from day to day, the Secretary and Treasurer of the company who made the deposits being also a director in the bank. On November 15, 1907, the Woolen Mills made a deposit consisting of several items amounting to $1,134.15. One of the items embraced in the deposit was a ·check drawn by the Alcorn Woolen Manufacturing Company, of Corinth, Mississippi, for $750 on the Union Bank of Corinth, payable to the order of the Woolen Mills. The check was endorsed as follows:

"Pay to the order of the Louisville National Banking Company, Falls City Woolen Mills, by J. E. Whitney, Secretary and Treasurer."

The deposit slip on which the items were entered had the following printed head:

"All city checks deposited after 11:30 A. M. and on Saturday after 10:30 A. M. will be received at depositor's risk until the next day's settlement. All items credited subject to final payment."

Nothing was said between the parties about the check at the time the deposit was made. The bank sent the check to the Tishomingo Savings Institution at Corinth for collection. It collected the check, but did not pay over the money and failed. The bank thereupon charged the amount back to the account of the Woolen Mills and this action was brought by it against the bank to recover the amount of the check, it being alleged in the petition that the bank bought the check and had not accounted to it for the price. The bank by its answer denied that it bought the check and alleged that it took it for collection. The case was submitted to the jury on these issues. The jury found for the bank and the Woolen Mills appeals.

In Farmer's Bank v. Newland, 97 Ky., 464, it was held that where a customer deposits with a bank a check or bill for collection at a point distant from the location of the bank, he does so with the implied understanding that the bank will follow the customary method in making such collection and can only be held responsible for due care and diligence in the selection of the correspondent who is to make the collection. There is neither pleading

nor proof to show that there was any negligence on the part of the bank in selecting the Tishomingo Savings Institution. On the contrary the undisputed evidence is to the effect that it stood high and was to all appearances a proper correspondent for the purpose. The plaintiff rests its right to recover upon the sole ground that the bank did not take the check for collection but bought it.

As to the facts there is no dispute in the evidence. The check was simply taken with the other items on deposit by the receiving teller without anything being said by the depositor or by him. The deposit check provided that all items were credited subject to final payment. There was nothing in the transaction to indicate a purchase by the bank of the check. No inquiry was made as to the solvency of the drawer or of the bank on which the check was drawn. So far as appears the bank knew nothing of either. The receiving teller was without authority to buy paper. This power was conferred only on other officers of the bank. The Woolen Mills was a customer of the bank and had been for a long time. The person who made the deposit was one of the directors of the bank, and well knew its rules and regulations. It was the custom of the bank to credit at their face checks drawn on banks out of the State, and to collect from the customer a small charge to cover cost of collection. This check was credited at its face and the usual charge for collection was paid in cash by the customer. The words on the depost slip "all items credited subject to final payment" mean that the credit is given subject to the final payment to the bank and that the credit may be withdrawn if the item is not paid to the bank. The custom of banks to take checks from their depositors as cash and allow them to draw upon the account subject to the final payment of the checks, is of great service both in the banking business and to the customer. If the proof here were held sufficent to take the case out of the rule laid down in Farmer's Bank v. Newland, the rule would be valueless. The rule announced in that case was followed in Citizens Bank v. Houston, 17 R., 701, and Weaver v. Louisville Banking Co., Manuscript opinion, 1875. It is sustained by the weight of authority in other States. (Third National Bank v. Vicksburg, 48 A. Rep., 78; Freeman's National Bank v. National Tube Works, 8 L. R. A. (O. S.), 42, and cases cited.)

Under the evidence the court should have instructed the jury peremptorily to find for the defendant.

Judgment affirmed.