M. DRANE ET AL. v. ALICE F. GUNYMERE AND HER HUSBAND.

(No. 333.)

FORMER RECOVERY AND MERGER OF CAUSE OF ACTION.— It is a well-established principle that all the evidence of a right of action is merged in the judgment rendered in the suit upon such evidence of right, and such judgment is final and conclusive on all matters thereby adjudicated. And it seems to be now the settled doctrine that this rule has application as well to judgments rendered in a sister state as when rendered in the state where the suit is brought which presents the questions.

FOREIGN JUDGMENT.— A proceeding in a probate court of another state against an administratrix to obtain the necessary orders for settling upon an estate, and the issuance of such orders in the ordinary current administration proceedings by which an execution or writ of *fieri facias* would issue against her in case

she failed to comply, would not merge into a judgment a prior cause of action, but they afford strong evidences to establish the existence of it. Such orders would hardly be deemed a judgment which would merge the creditors' right of action for damages.

PRACTICE.— In the absence of an averment in the petition of a law, custom, or procedure, in the courts of the state where the judgment was rendered, requiring a different construction to be given it, a foreign judgment must be interpreted and held to have the same legal effect as if it had been rendered by our own courts.

APPEAL from Navarro county. Opinion by WALKER, P. J.

STATEMENT.— This suit was filed on the 17th of June, 1876, by plaintiffs in their right and capacity as heirs of W. F. Neal, deceased, alleging that they are the brothers and sisters (joined by the husbands of such of them as are married women), and the descendants of such brothers and sisters, and the only surviving heirs of W. F. Neal, deceased, except Alice F. Neal, who was sued in the original petition by the name of Alice F. Neal, but having since married one Gunymere. She and her husband are now jointly sued in this action. The petition does not allege what is the relation by heirship of said Alice F., nor what is her inheritable share with the plaintiffs in the estate of W. F. Neal, but simply that plaintiffs are, as above stated, the sole surviving heirs except said defendant.

The petition then proceeds to allege that said W. F. Neal died in the year 1875, in Caddo Parish, Louisiana, leaving an estate of real and personal property; that the portion of said property to which plaintiffs were entitled as such heirs, after the payment of all debts and liabilities against the estate, amounted to $1,510 in money, and personal property of the value of $400; that the defendant has, and since the death of said W. F. Neal has had, the possession of said money and personal property, which they allege belongs to plaintiffs; that said defendant is holding the same in trust for them. That on the —— day of June, 1876, the plaintiffs demanded of the defendant possession and delivery

to them of said money and property, which they allege was refused, and that she has converted the same to her own use. They allege, by reason of the premises, defendant is indebted to them in the sum of $1,910, has promised to pay them the same, but has refused to comply with her promise; wherefore they sue and pray a personal judgment against her.

The petition shows she was a *feme sole* at the institution of the suit, and that she resides in Louisiana, and that she owns a tract of land in Navarro county, Texas, and prays for an attachment against the same. The defendants answered by a general demurrer, a general denial, a plea of former recovery, which set up, in support of said plea, in an exhibit attached to their plea, certain proceedings, orders or decrees of the probate court of Caddo Parish of Louisiana. They also plead to the merits of the action.

To defendants' plea of former recovery the plaintiffs replied by a supplemental petition which says, in effect, that the plea of former recovery pleaded by defendants, with the exhibit which is part of it, shows that the probate court of Caddo Parish, on the 23d of September, 1876 (this suit was brought June 17, 1876), rendered a valid judgment in favor of plaintiffs, against defendant, for $1,910, and five per cent. per annum interest. Plaintiffs say further that defendants admit, by their plea, that the foregoing is a valid subsisting judgment, subsisting against her in full force and effect. Plaintiffs allege that said judgment is the order of the probate court of said parish had in the administration of the estate of said W. F. Neal, deceased, wherein defendant was administratrix, as alleged in defendants' plea, and that said order and decree of said parish court is a verification of the claim of plaintiffs', and the liability of defendant alleged in plaintiffs' original petition, in substance, the same cause of action.

The cause was submitted to the court without a jury; the defendants did not rely on their demurrer to plaintiffs' original petition, and their general exceptions to the plaint-

iffs' supplemental petition were overruled. The court determined the cause upon the issue of the former recovery, sustaining that defense under the evidence in support of it, and rendered a final judgment against the plaintiffs.

OPINION.— According to the plea of former recovery as pleaded by the defendants, there existed no judgment at the date of the institution of this suit, nor were there in the probate court any proceedings instituted at that period of time on which to procure a judgment against Alice F. Neal.

There was, at that time, an order of that court to procure the recognition of the plaintiffs as heirs of the estate, and to have a final settlement of the accounts of the administratrix, and a prayer in the petition to deliver to them the residuum of the estate after the payment of debts of said estate. In pursuance of this proceeding, the order making such recognition of heirship was duly obtained with order for further proceeding to settle the accounts on February 26, 1876. Neither the exhibit attached to the plea, nor the transcript of the proceedings from the probate court used in evidence, show what was done in that court in respect to the adjustment of the accounts of the administratrix until August 8, 1876, at which time the judge of that court ordered, in compliance with the prayer of the petition of the heirs, that the administratrix be cited to show cause why a writ of possession should not issue as prayed for in that petition. The petition referred to does not shown when it was filed in that court; it recites, however, that the account of the administratrix had been homologated by judgment of that court, showing a balance of $1,510 in cash, and property amounting to $400, due by her to petitioner.

The petition alleged that the administratrix had failed and refused to pay over said money, although more than sixty days had elapsed since said judgment had become final, and prayed for a writ of *fieri facias* against her to

satisfy the sum of $1,910, with ten per cent. per annum interest from the 1st day of June, 1876, at which date the petition alleged that said account had been homologated, and the petition also prayed for a writ of possession for the heirs to be placed in possession of the real estate.

In accordance with this prayer it appeared from the transcript of said probate court proceedings that an order of that court was made for the issuance of the writ of *fieri facias* as prayed for on the 23d of September, 1876.

It was upon this state of the evidence before the court that the judgment here complained of was rendered; the court adjudging, as has been already seen, that the right of action of the plaintiffs had been merged by virtue of a recovery upon it under and by virtue of a judgment of a court of competent jurisdiction in favor of and against the same parties who are now before this court.

It is a well-established principle that all the evidence of a right of action is merged in the judgment rendered in the suit upon such evidence of right. And such judgment is final and conclusive on all matters thereby adjudicated. Ayres *v.* Cayce, 10 Tex., 105. And it seems to be now the settled doctrine that this rule has application as well to judgments rendered in a sister state as when rendered in the state where the suit is brought which presents the question. See 1 Peters, C. C. R., 64.

A judgment in any of the state or federal courts upon valid personal service being regarded as a debt of record, and as entitled to full faith and credit, is a merger in every part of the United States in the same manner as in the state where it was rendered. Freeman on Judgments, sec. 221, citing Barnes *v.* Gibbs, 2 Vroom, 317. If actions are simultaneously pending upon the same cause of action in different states, a judgment in either will bar the further prosecution of the other. Freeman on Judg., id., citing 30 Vroom, 539; 39 N. H., 522. But no judgment is to be given any greater effect elsewhere than it had in the jurisdiction in which it originated. Id. "Every judgment is,

for most purposes, to be regarded as a new debt." Free-man on Judg., sec. 217. But what obligation or debt or liability which before had existed was put in issue between the parties in the proceedings referred to, and was merged in a judgment in its stead? None whatever. They were not proceedings, as this suit is, to charge the adminis tratrix with waste and conversion of money and property, and to obtain against her a personal judgment against her estate in damages. They were simply the ordinary cur-rent administration proceedings of a probate court in set-ting up the estate and turning over the residue to those entitled by law to it. The construction which we have placed upon the probate proceedings is such as might properly, we think, be given to similar petitions, orders and decrees, if they had been made in the county court of this state, and they are subject under the pleadings, as the same is presented, to be so interpreted. See Porcheler v. Bronson, 50 Tex., 561; Bradshaw v. Mayfield, 18 Tex., 21; Taylor v. Runyan, 3 Clark (Iowa), 479.

We assume, therefore, under the rule above quoted and authorities cited, that the proceedings of the probate court, which were had in Louisiana, were similar to and of no other legal effect than such would be in Texas, and that they do not support the defendants' defense of a former recovery and merger of the cause of action here sued on.

REVERSED AND REMANDED.