### E. B. HARROLD v. STATE OF TEXAS.

Decided November 26, 1902.

**Venue—Suit for Taxes on Personal Property.**

Though the Constitution and laws make taxes on personal property payable in the county where it is situated, a personal action by the State for their recovery must be brought in the county of defendant's domicile, where he asserts this right, since the debt is not payable elsewhere by his written contract.

Appeal from the County Court of Robertson County. Tried below before Hon. Tom M. Taylor.

*Matlock, Miller & Dycus,* for appellant.

*Goodman & Woods,* for appellee.

KEY, ASSOCIATE JUSTICE.—This suit was brought by the State, acting by the county attorney of Robertson County, and in the County Court of that county, to recover $342.84, alleged to be due as taxes by E. B. Harrold, the defendant, upon personal property belonging to him and situated in Robertson County. No lien was asserted, the suit being purely a personal action for debt.

The defendant filed a plea in abatement, stating that at the time the suit was filed, and continuously thereafter, he resided and had his domicile in the county of Tarrant, in this State. Said plea also negatived all the provisions of article 1194 of the Revised Statutes, which authorize a defendant to be sued in a county other than that of his domicile.

The court below heard evidence, and found that the facts set up in the plea were true, but overruled the plea because "under the Constitution and laws of Texas all taxes are due and payable in the county to which said taxes are payable."

This ruling is assigned as error, and the assignment must be sustained. While the appellant may have owed the taxes sought to be recovered, and while it is true that the Constitution and statute make taxes payable in the county where the property is situated, still, as the appellant had not contracted in writing to pay the taxes in Robertson County, and as the case does not come within any of the other exceptions to article 1194, requiring a defendant to be sued in the county of his domicile, the venue was improperly laid; and the court should have sustained the plea of privilege. Rev. Stats. 1895, art. 1194; Lindheim v. Muscamp, 72 Texas, 33; Mahon v. Cotton, 35 S. W. Rep., 868; Chamberlain v. Fox, 54 S. W. Rep., 297; Behrens Drug Co. v. Hamilton, 92 Texas, 284; First National Bank of Crockett v. East, 43 S. W. Rep., 558; McInnes v. Wallis, 44 S. W. Rep., 537; Chamberlain v. Fox, 52 S. W. Rep., 120; Cohen v. Munson, 59 Texas, 236.

A provision of law, even though embodied in the Constitution, making a particular class of debts payable in a particular county, is of no

greater sanctity or binding force than a verbal contract promising to pay a debt in such county. And it has been decided, and properly so, that such a contract, while enforcible in the proper forum, does not authorize suit against the defendant in the county where such contract stipulated for performance. Mahon v. Cotton, supra.

As this ruling will require a dismissal of the plaintiff's suit, and as another suit brought in the proper county will be appealable to a different appellate court, we make no ruling on the other questions presented in appellant's brief.

The judgment of the court below is reversed, and judgment here rendered sustaining the appellant's plea in abatement and dismissing appellee's suit.

*Reversed and appellee's suit dismissed*

Writ of error refused.