WILSON v. CITY OF BELTON. (No. 5962.)

(Court of Civil Appeals of Texas. Austin. Oct. 23, 1918.)

1. MUNICIPAL CORPORATIONS ☞978(9) — FORECLOSURE OF LIEN FOR TAXES—PLEADING—VENUE.

Where a complaint in a suit by a city to foreclose a lien for taxes failed to allege that the property was in the county at the time of the commencement of the suit, it was error to overrule a plea of privilege; defendant being a nonresident.

2. VENUE ☞21—SUIT FOR TAXES—NONRESIDENCE.

A city cannot maintain a suit for taxes against a nonresident taxpayer, where the case is not within any exception to Rev. St. 1895, art. 1194, requiring a defendant to be sued in the county of his domicile.

Error from Bell County Court; M. B. Blair, Judge.

Suit by the City of Belton against J. M. Wilson. Judgment for plaintiff, and defendant brings error. Reversed, with instructions.

Ross & Zumwalt, of Dallas, and G. M. Felts, of Belton, for plaintiff in error. Jas. Boyd, of Belton, for defendant in error.

KEY, C. J. [1] Appellee sued appellant and recovered a judgment for certain taxes alleged to be due upon personal property. The first question presented to this court for decision is the action of the court in overruling a plea of privilege to be sued in another county. The plea referred to, which was sustained by the uncontroverted proof, conformed to requirements of the statute, and showed that at the time the suit was brought the defendant resided in Denton county, and not in Bell county, where the suit was instituted. The suit was not based upon any written obligation to pay the taxes, and, while the petition sought to foreclose an alleged lien on certain money and notes, it did not allege that either the money or notes was in Bell county at the time the suit was commenced. It did allege that they were in the possession of the defendant in that county, and in the city of Belton on the 1st day of January, 1914, but the suit was not commenced until October 6, 1916, and there was no allegation by the plaintiff that any of the property referred to was in Bell county subsequent to January 1, 1914; therefore, it did not appear that the plaintiff sought to foreclose a lien upon property situated in Bell county.

[2] With the question of lien eliminated, the case is analogous to Harrold v. State, 30 Tex. Civ. App. 524, 71 S. W. 407, decided by this court, and writ of error denied by the Supreme Court; and we quote as follows the syllabus in that case:

"Though, under the Constitution and laws, taxes are due and payable in the county to which they are payable, an action therefor cannot be maintained in that county against a nonresident taxpayer; the case not being within any exception to Rev. St. 1895, art. 1194, requiring a defendant to be sued in the county of his domicile."

For the reason stated in that case, we decline to rule upon the other questions presented in appellant's brief.

We hold that the trial court committed reversible error when it overruled the plea in abatement; and therefore the judgment is reversed, and the cause remanded, with instructions to that court to sustain the plea of privilege, and transfer the case to the county court of Denton county, as required by statute.

Reversed, with instructions.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes