**THOMAS et al. v. FIRST STATE BANK OF PANHANDLE.**

**No. 3954.**

Court of Civil Appeals of Texas. Amarillo.

Jan. 25, 1933.

Claude Williams, of McLean, and Thomas & McDonald, of Big Spring, for appellants.

James Spiller, of Panhandle, for appellee.

JACKSON, Justice.

This suit was instituted in justice court, precinct No. 1, Carson county, Tex., by the First State Bank of Panhandle against Clyde E. Thomas, W. A. Farrar, L. E. Parmley, and J. I. Prichard, to recover a balance of $155.88 on a note, with interest, attorney's fees, and costs. No service was had on defendant W. A. Farrar, and he was dismissed from the suit on motion of the plaintiff.

Clyde E. Thomas, L. E. Parmley, and J. I. Prichard each filed his separate plea of privilege to have the case transferred to justice precinct No. 1, Howard county, Tex., the county and precinct of his residence.

The plaintiff bank filed its controverting affidavit to the respective pleas of privilege and alleged, in substance, that the suit was for an unpaid balance on a note for $1,000, executed by W. A. Farrar and L. E. Parmley, and payable to the plaintiff at Panhandle, Tex.

That in a suit styled J. H. Aynesworth v. L. E. Parmley et al., filed in the district court of Howard county, the bank, a party thereto, had obtained judgment for the principal, interest, and attorney's fees due on said note, and that said sum had been deposited with J. I. Prichard, the clerk of said court. That said judgment had been affirmed by the Court of Civil Appeals, 37 S.W.(2d) 836,

and the Supreme Court,[1] but that defendant Prichard had failed to pay the entire deposit to plaintiff, and paid a part thereof to Clyde E. Thomas, who was without any claim thereto, and the balance of $155.88 on said note, with interest and attorney's fees, was still due.

The pleas of privilege were overruled in justice court, and judgment on the merits rendered for plaintiff.

On appeal to the county court, the pleas were again urged and judgment entered overruling such pleas, and such action of the county court is before us for review.

Mr. James Spiller testified: That he was the attorney for the bank at the time the case of Joseph H. Aynesworth v. L. E. Parmley et al. was tried in the district court of Howard county, and that the bank was a party to such suit. That before the announcement for trial, as attorney for the Bank, he agreed with Clyde E. Thomas in open court not to file a plea of privilege for his client, but that he would submit to the jurisdiction of said district court, provided the defendants would deposit in court the sum of $1,189.22. That the money was deposited with defendant Prichard, the note thereafter reduced to judgment, and a decree entered for the deposit in favor of the bank against L. E. Parmley and W. A. Farrar, and that the judgment became final. That he went to collect the judgment and deposit, but the clerk paid him only $1,033.34 thereof. That he had been unable to obtain the note which had been left with the clerk. That he had agreed with Mr. Thomas that the $155.88 could be taken out of the deposit, provided a bond was placed with the clerk for said amount, as Thomas had claimed there was some question as to the total amount of the deposit being due. That Mr. Thomas filed a bond with the clerk and procured the sum of $155.88 and never repaid it, and witness had been unable to collect it. That the entire transaction and all agreements, so far as Mr. Prichard and Mr. Thomas were concerned, occurred in Howard county, and their names did not appear as obligors on the note. That the bond furnished by defendant Thomas was left with the Clerk J. I. Prichard, and provided for the repayment to him of said amount.

It is not controverted that each of the defendants reside and live in precinct No. 1, Howard county, Tex. The $1,000 note was obviously merged in the judgment obtained in the district court of Howard county, and suit for a balance on the note could not be maintained in Carson county against L. E. Parmley.

"Where judgment is recovered on a note, it is merged and extinguished and a second judgment cannot be had thereon between the same parties." 2 Black on Judgments, § 674.

---

"It is true, as contended by appellants, that, when a suit has been brought and a judgment obtained, the original cause of action is merged in the judgment. United States v. Leffler, 11 Pet. 98, 9 L. Ed. 647; Hamer v. Ry. Co., 244 U. S. 266, 37 S. Ct. 511, 61 L. Ed. 1125, 1129; Mason v. Eldred, 6 Wall. 231, 18 L. Ed. 783, 785; Neill' v. Tarin, 9 Tex. 259; Drane v. Gunymere, 2 Posey, Unrep. Cas. 500.

"In United States v. Leffler, supra, the court said:

" 'If there be any one principle of law settled beyond all question, it is this, that whensoever a cause of action, in the language of the law, transit in rem judicatam, and the judgment thereupon remains in full force unreversed, the original cause of action is merged and gone forever.' " Burlington State Bank v. Marlin Nat. Bank (Tex. Civ. App.) 207 S. W. 954, 956.

■ Neither of the other appellants resided in Carson county, and neither was subject to any of the exceptions in the venue statute. Behrens Drug Co. v. Hamilton et al., 92 Tex. 284, 48 S. W. 5; McInnes v. Wallace, County Judge (Tex. Civ. App.) 44 S. W. 537; Harrold v. State, 30 Tex. Civ. App. 524, 71 S. W. 407.

The assignments complaining of the admission of certain testimony we deem it unnecessary to discuss, as such errors will probably not occur on another trial.

The court committed error in overruling the pleas of privilege, and the judgment is reversed and the cause is remanded.