## HAMER ET AL. *v.* NEW YORK RAILWAYS COMPANY ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 968.   Argued April 10, 1917.—Decided May 21, 1917.

With the delivery of a mortgage to secure bonds of one corporation there was delivered to the trustee stamped on each bond a guaranty by another corporation whereby the latter guaranteed "to the Trustee of the within-mentioned mortgage, for the benefit of the holders thereof, punctual payment of the principal of the within bond and the interest thereon . . . according to the tenor of

the several coupons belonging thereto." Upon foreclosing the mortgage, the trustee obtained judgment against the guarantor company for a deficiency.

*Held:* (1) That whether the guaranty were treated as having created an aggregation of as many obligations as there were bonds, each constituting a separate contract between the guarantor and the respective bondholder, or a single obligation for the benefit of the bondholders collectively, in either case there was a merger of the original cause or causes of action in the single judgment recovered by the trustee.

(2) The judgment being held as an unit by the trustee, for the benefit of all the bondholders, a suit to enforce it by a majority of them, though alleged to be on behalf also of all others similarly situated, could not be maintained without joining the trustee as a necessary party.

(3) In such suit, for the purpose of testing the District Court's jurisdiction on the basis of diverse citizenship, the trustee, though made a defendant, must be realigned as a plaintiff, no hostility on its part appearing beyond a refusal to institute the action, assignable to no other motive than to aid the federal jurisdiction, and its real attitude being friendly as evinced by its answer.

One corporation, after guaranteeing bonds of another, passed into a receivership in the District Court which ended in foreclosure of its own bonds and sale of its property, without reservation in the decree of liens or similar rights or power of the court concerning them. Meanwhile by independent proceedings in a state court the bonds of the second company were foreclosed and a deficiency judgment was rendered against the first company on the guaranty, which judgment being presented as a claim in the District Court proceedings was rejected because the first company's liability to pay it was contingent at the date set for proving claims in that court. *Held,* that a suit brought later in the District Court upon the ground that by its decree the equities of persons interested in the deficiency judgment were wrongly ignored and seeking to have that judgment impressed as a lien upon the property so sold, was not within the District Court's jurisdiction as a suit ancillary to the foreclosure proceedings in which its decree was rendered.

Affirmed.

The case is stated in the opinion.

*Mr. A. S. Gilbert* for appellants.

*Mr. Richard Reid Rogers* for appellees.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

This appeal presents the single question whether the District Court erred in dismissing the bill for want of jurisdiction, on the ground that the controversy involved was not one between citizens of different States. The question was duly certified in conformity to § 238 of the Judicial Code. The facts are these:

The Twenty-eighth and Twenty-ninth Street Crosstown Railroad Company, of New York City, issued, on October 1, 1896, bonds to the amount of $1,500,000, and secured them by a mortgage of its property to the Central Trust Company. The Metropolitan Street Railway Company having previously leased the Crosstown Railroad, delivered with the mortgage stamped on each of the bonds a guaranty to the Trust Company in the following terms:

"For VALUE RECEIVED, the Metropolitan Street Railway Company hereby guarantees to the Trustee of the within-mentioned mortgage, for the benefit of the holders thereof, punctual payment of the principal of the within bond and the interest thereon at the time and in the manner therein specified and according to the tenor of the several coupons belonging thereto."

In September, 1907, the Metropolitan Company passed into the hands of receivers appointed by the Circuit (now District) Court of the United States for the Southern District of New York. Soon thereafter default was made in the payment of interest on the Crosstown bonds. The customary bondholders' committee was formed; and 1373 of the 1500 bonds outstanding were deposited with it. At its request the Trust Company declared the bonds due and brought suit in the Supreme Court of New York to foreclose the mortgage. The court by special order granted an application of the Trust Company for permission to liquidate, in the foreclosure suit, its claim against

the Metropolitan Company on the guarantee.  For that purpose the Metropolitan Company was joined as defendant; and a deficiency judgment for $1,745,344.21 was entered against it on February 20, 1912, in favor of the Trust Company.

The property of the Metropolitan Company had meanwhile been administered by receivers appointed by the District Court of the United States for the Southern District of New York; and the several committees representing its bondholders, stockholders and creditors had adopted a plan and agreement for the reorganization of that company.  Pursuant thereto its franchise and assets had been, on January 1, 1912, transferred to a new corporation, the New York Railways Company; and the securities and cash issued in exchange therefor were distributed among security holders, creditors, and otherwise, as in the plan provided.  No provision was made in the plan for adjusting the liability of the Metropolitan Company arising out of its guaranty of the Crosstown bonds. The District Court refused to allow the claim on the deficiency judgment to be proved in the Metropolitan receivership; because the date as of which claims against the property were ordered to be proved was January 15, 1908; and the claim on the guaranty was at that date contingent merely.  Consequently neither the Committee nor the Trust Company representing the Crosstown bondholders assented to the plan for reorganizing the Metropolitan Company.

In October, 1913, the members of the Crosstown bondholders' Committee, suing on behalf of themselves and "all other similarly situated bondholders," brought suit in the District Court of the United States for the Southern District of New York against the New York Company, the Metropolitan Company and the Central Trust Company, to enforce out of the property of the New York Company satisfaction of the liability of the Metropolitan Com-

pany arising out of its guaranty. The bill set forth facts to bring the case within the rule declared in *Northern Pacific Ry. Co.* v. *Boyd*, 228 U. S. 482, and *Kansas City Southern Ry. Co.* v. *Guardian Trust Co.*, 240 U. S. 166; and as reason for the suit being brought in the name of the bondholders alleged the following:

"That the defendant Central Trust Company of New York holds the said judgment against the defendant Metropolitan Street Railway Company, amounting to $1,745,344.21, for the benefit of and as the trustee for the plaintiffs and the other holders of said bonds of the Twenty-eighth and Twenty-ninth Streets Crosstown Railroad Company hereinbefore described; and that the reason why this action is brought by the plaintiffs and why the Central Trust Company of New York is made a party defendant is that the plaintiffs are the lawful owners and holders of said bonds in the amount hereinbefore alleged, and the beneficial and equitable owners of said judgment held by the defendant Central Trust Company of New York; and that the defendant Central Trust Company of New York has refused to bring this action after due demand by the plaintiffs upon said defendant Central Trust Co. of N. Y., although the plaintiffs have offered proper indemnification to the said defendant Central Trust Company of New York, as such Trustee, to institute this suit to enforce the rights of the Trustee and of the bondholders under said judgment and guarantee made by said defendant Metropolitan Street Railway Company as aforesaid."

Jurisdiction of the District Court was rested wholly on diversity of citizenship, plaintiffs being all citizens and residents of States other than New York, and the three defendants, corporations organized under the laws of that State. The Trust Company filed an answer in substance joining in the prayer of the bill and admitting its allegations. The New York Railways Company besides answering to the merits, alleged:

"That the interests of the plaintiffs, and all other security holders, and the interests of said defendant Central Trust Company of New York, are identical and in all respects similar to the interests of the plaintiffs, and all other owners or holders of bonds secured by the mortgage . . . ; that the parties to this action should be realigned by the Court, and placed according to their interests in the subject-matter of this suit, and for the reasons hereinbefore alleged, and for divers other reasons appearing on the face of the Bill upon the trial of this action, this defendant alleges that this Court is without jurisdiction to entertain this complaint, or to give judgment for the relief demanded therein."

It also appeared by stipulation that the holders of a large part of the Crosstown bonds deposited with the committee were citizens and residents of New York.

Plaintiffs admit that in respect to the Crosstown Company no cause of action on the bond vested in any one bondholder; since the bondholders were bound by the terms of the mortgage under which all right to sue on the bonds and to foreclose the mortgage was in the Trust Company. But they insist that the rights of the bondholders against the Metropolitan Company on the guaranty were entirely distinct from their rights against the Crosstown Company on the bonds; that the guaranty vested in the holder of each bond a cause of action on which he could sue in his own name; that the original guaranty to the Trust Company was a naked promise to one for the benefit of another; that the judgment obtained by the Trust Company belongs to the holders of the bonds; that it is in this suit merely a "use plaintiff," a title owner of the judgment who owes no duty to the plaintiff or other bondholders with reference thereto, has no interest in the result of the suit and need not have been made a party thereto; and that being a merely formal party should be disregarded in determining the question

of jurisdiction.    Before discussing whether the Trust Company has an interest and, if so, its character and effect, the nature of this suit should be considered.

1. *The cause of action.*

This is not a suit upon the original guaranty.    It is a suit to enforce a judgment.    The prayer of the bill is that the property acquired by the New York Railways Company "be declared to be subject to the lien of said judgment."    The rights on the original guaranty, whether they be treated, by virtue of the stamping on each bond, as an aggregation of 1500 separate causes of action or be treated as a single cause of action for the benefit of the 1500 bondholders, were merged in that judgment.    This is true, even if, as contended, the guaranty to the Trust Company stamped on each bond "for the benefit of the holders thereof" be construed as importing a promise of payment directly to the holder on which he was at liberty to sue in his own name.    For the recovery of the judgment extinguished through merger the original cause or causes of action and the judgment is one recovered by the Trust Company as trustee.[1]

2. *The interest of the Trust Company.*

Whatever may have been the situation originally with respect to rights of individual bondholders on the guaranty, we have now a single judgment held by the Trust Company as trustee for the pro rata benefit of 1500 bondholders.    The plaintiffs allege that they hold 1373 of these bonds—that is, a fraction only of the beneficial interest. It is thus clear that the minority bondholders as well as the railway companies defendant require for the protec-

---

[1] "If there be any one principle of law settled beyond all question, it is this, that whensoever a cause of action, in the language of the law, *transit in rem judicatam*, and the judgment thereupon remains in full force unreversed, the original cause of action is merged and gone forever." *United States* v. *Leffler*, 11 Pet. 86, 100, 101.    See also *Mason* v. *Eldred*, 6 Wall. 231; *Gaines* v. *Miller*, 111 U. S. 395, 399.

tion of their respective interests that the Trust Company be a party to the litigation; the minority bondholders, so that they may share ratably in the proceeds; the railway companies, in order that they may upon paying the amount of the judgment be discharged from the possibility of further liability. The judgment is a unit and the relief sought on it is necessarily for the benefit of all. *Blacklock* v. *Small,* 127 U. S. 96, 104. But a suit by some bondholders does not, by the allegation that it is in behalf of all others similarly situated, become a class suit binding on all. *Wabash R. R. Co.* v. *Adelbert College,* 208 U. S. 38, 57. And for the protection of the Trust Company itself joinder as a party is essential, in order that upon distribution of any proceeds it may be discharged from obligations to its beneficiaries.

To the state of facts presented here, *Greene* v. *Republic Fire Insurance Co.,* 84 N. Y. 572, which is strongly relied upon by plaintiffs, has no application. In that case the assignee of a chose in action, having recovered a judgment in Mississippi, where he was obliged (as by the common law procedure) to sue for his own use in the assignor's name, was permitted to sue on the judgment in New York in his own name; since the New York Code requires suit to be brought in the name of the real party in interest. There the assignor having assigned the cause of action had no interest in it when the action was commenced in Mississippi and consequently no interest in the judgment; and the judgment record so recited, declaring that it was "for the use and benefit of Edward A. Greene." Here there has been no assignment either of the cause of action or of the judgment. The prayer of the complaint was that the Trust Company "as trustee may have judgment against . . . said Metropolitan Company"; and in accordance with that prayer judgment for the deficiency was entered. So far as the record discloses, the deficiency judgment against the Metropolitan Company,

like that against the Crosstown Company and the prop-
erty transferred by the mortgage, is held by the Trust
Company as trustee for all the bondholders.[1] That under
such circumstances the trustee is a necessary party to this
suit is clear.

3. *The affiliation of the Trust Company.*

It is clear that the interest of the Trust Company in this
controversy lies wholly with the plaintiffs. This is shown,
among other things, by the request in its answer that the
relief prayed for in the bill be granted. No reason is
assigned in the bill or in the answer of the Trust Company
for its refusal to sue; and none suggests itself save the
willingness of an accommodating trustee to enable its
beneficiaries to present that appearance of diversity of
citizenship essential to conducting this litigation in the
federal court. It is not contended that this refusal to sue
makes the Trust Company an adversary to be classed for
purposes of jurisdiction with the real defendants—as in
those cases where the refusal to sue was part of a fraud-
ulent participation in the wrongdoing, and where the
trustee or corporation in effect ranged itself in opposition
to the relief sought.[2] The Trust Company having, as we
have shown, a real interest in the controversy, which
makes it a necessary party to the suit, must be aligned
as a party plaintiff, where its interest lies.[3]

Since the necessary realignment of the Trust Company
as party plaintiff is fatal to the jurisdiction of the District
Court, it is unnecessary to consider the legal effect of the
fact stipulated, that a large part of the bondholders rep-

---

[1] See *Knapp* v. *Railroad Company*, 20 Wall. 117, 123; *Richter* v.
*Jerome*, 123 U. S. 233, 246.

[2] *Venner* v. *Great Northern Ry. Co.*, 209 U. S. 24; *Doctor* v. *Harrington*,
196 U. S. 579; *Kelly* v. *Mississippi River Coaling Co.*, 175 Fed. Rep.
482; *Groel* v. *United Electric Co.*, 132 Fed. Rep. 252.

[3] *Blacklock* v. *Small*, 127 U. S. 96, 104; *Harter* v. *Kernochan*, 103 U. S.
562; *Pacific Railroad* v. *Ketchum*, 101 U. S. 289; *Allen-West Commission
Co.* v. *Brashear*, 176 Fed. Rep. 119; *Shipp* v. *Williams*, 62 Fed. Rep. 4.

resented by plaintiffs are likewise citizens and residents of New York.

4. *Whether the suit is an ancillary one.*

The plaintiffs, relying upon *Wabash R. R. Co.* v. *Adelbert College,* 208 U. S. 38, 53, attempt to sustain the jurisdiction of the court on the ground that this suit is ancillary to the foreclosure proceedings against the Metropolitan Company in the District Court. But the facts in that case bear no resemblance to those here under consideration. There the rights and lien which it was declared the federal court had exclusive jurisdiction to ascertain and enforce were expressly reserved by the decree; and the purchaser under the decree took title expressly subject to them. The decree of foreclosure under which sale was made of the property of the Metropolitan Company, which was later transferred to the New York Company, contained, so far as appears from the record, no reservation whatsoever concerning liens or similar rights. And there is in the answer of the New York Company the uncontroverted statement that the properties subject to the foreclosure "were sold to the purchasers and to the New York Railways Company, free and clear of any lien, claims or interest in any party outstanding, except the interests" of those expressly provided for in the Plan of Reorganization; and that the proceedings resulting in the deficiency judgment against the Metropolitan Company here sued on "did not constitute a claim against, or a lien on, or an interest in any of the property rights or estate of the Metropolitan Street Railway Company." Furthermore the bill in the instant case does not purport to be ancillary to the Metropolitan Company foreclosure proceedings. Plaintiffs here seek merely to establish an equity against the property of the New York Company, on the theory that the rights of the Crosstown bondholders have been improperly ignored. They set up a wholly independent cause of action.                    *Decree affirmed.*