### FRIEDE v. AZOVSKO DONSKOI KOMMERCHESKE BANK et al.

(District Court, S. D. New York. April 30, 1920.)

**1. Attachment ☞107—Allegation of amount due sufficient.**

In an action by one joint adventurer to recover money due to him and associates, in which the associates refused to join and were made defendants, in compliance with Code Civ. Proc. N. Y. § 448, statements in the complaint and affidavit of the amount due plaintiff and his associates *held* sufficient to authorize a foreign attachment, under Code Civ. Proc. N. Y. §§ 635, 636.

**2. Attachment ☞232—Failure to serve other defendants not ground for dissolution.**

Service on the principal defendant and the only one against which judgment was asked *held* sufficient to authorize an attachment against the property of such defendant, although other defendants had not at the time been served.

At Law. Action by M. Sergey Friede against the Azovsko Donskoi Kommercheske Bank, otherwise known as Banque de Commerce d L'Azof Den, and others. On motion to vacate warrant of attachment. Denied.

Shearman & Sterling, of New York City (Carl A. Mead and Chester B. McLaughlin, Jr., both of New York City, of counsel), for the motion.

Louis Marshall and Samuel M. Levy, both of New York City, opposed.

MAYER, District Judge. The bank, appearing specially, has moved to vacate a warrant of attachment on various grounds, to be referred to infra.

The action was brought in the New York Supreme Court to recover from the bank the sum of $727,923.99, with interest from July 10, 1919, on an account stated. Without going into details, it appears from the complaint that Friede and Berlin and Stifter, the two last constituting the firm of Mavorikij Nelken (hereinafter called Nelken), were joint venturers by virtue of an agreement which is annexed to and made part of the complaint. The joint venture had to do with contracts with the Russian war department for the sale of merchandise of American origin.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In order to pay for the supplies in American dollars, it was necessary, owing to the exchange situation, to make certain financial arrangements with the Russian government and with defendant bank, the details of which need not be here set forth. It is alleged upon information and belief that on July 2, 1917, the bank rendered to the joint venturers in Petrograd a statement of the account between it and the venturers, showing that the bank had in its possession a balance of $727,923.99 over and above all obligations due the bank from the joint venturers, which sum, it is alleged, was the absolute property of the venturers. It is alleged that this sum has not been paid; that the plaintiff demanded payment to himself and Nelken in Paris on July 10, 1919, but that the bank refused payment. It is further alleged that the plaintiff requested defendants Berlin and Stifter to join as coplaintiffs in this action, but that they refused so to do, and that the plaintiff and the defendants Berlin and Stifter are justly entitled to recover from the bank the said sum of $727,923.99, with interest from July 10, 1919. The complaint demands judgment against the bank in favor of the plaintiff for this sum. No judgment is demanded against the defendants Berlin and Stifter, and the warrant does not authorize the sheriff to attach their property.

From the affidavit on behalf of the defendant bank upon this motion, it appears that the defendants Berlin and Stifter are Russian citizens or subjects, and are not in this country, and that they have not appeared in the action, nor have they been served personally with the summons herein. An attachment was procured against the bank on the ground that it was a foreign corporation, and assets belonging to it were taken into his possession by the sheriff of New York County, to whom the warrant of attachment was issued. This action was removed to this court at the instance of the bank, on the ground of diversity of citizenship. No answers or other pleadings have been interposed by the defendants.

It is urged (1) that the moving papers fail to show that plaintiff is entitled to recover the amount claimed; (2) that Berlin and Stifter are necessary and indispensable parties, who must be served within or submit to the jurisdiction of the court, else a judgment will not be binding upon them; and (3) as a consequence that the action must fail, and that the warrant of attachment must be vacated.

[1] 1. Defendants Berlin and Stifter having refused to join with plaintiff as parties plaintiff, the plaintiff made them parties defendant, by virtue of section 448 of the New York Code of Civil Procedure, which reads:

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants, except as otherwise expressly prescribed in this act. But if the consent of any one, who ought to be joined as a plaintiff, cannot be obtained, he may be made a defendant, the reason therefor being stated in the complaint. * * *"

Section 635 of the New York Code provides:

"A warrant of attachment against the property of one or more defendants in an action, may be granted upon the application of the plaintiff, as specified

in the next section, where the action is to recover a sum of money only, as damages for one or more of the following causes:

"1. Breach of contract, express or implied, other than a contract to marry. * * * *"

Section 636 of the New York Code provides:

"To entitle the plaintiff to such a warrant, he must show, by affidavit, to the satisfaction of the judge granting the same, as follows:

"1. That one of the causes of action specified in the last section exists against the defendant. If the action is to recover damages for breach of contract, the affidavit must show that the plaintiff is entitled to recover a sum stated therein, over and above all counterclaims known to him. * * * *"

Because there is no allegation in the affidavits, upon which the present warrant was issued, that plaintiff alone is entitled to recover any sum from the bank, and because plaintiff's affidavit (paragraph 15) contains only the following:

"This plaintiff and defendants Berlin and Stifter are justly entitled to recover from the said defendant * * * bank the sum of $727,923.99, * * * over and above all counterclaims known to him"

—it is contended that this allegation wholly fails to comply with the requirements of section 636 of the Code of Civil Procedure. But it is plain that plaintiff could not make any other allegation.

Under section 448, the Code practice requires that a member of a firm or a joint venturer must join as a party defendant a partner or joint venturer whose consent to join as a plaintiff cannot be obtained, and this provision would be useless and absurd, if in seeking to recover for a debt of any kind, owing to the partnership or joint venture, a plaintiff were compelled to assert an untruth, namely, that he alone is entitled to recover, when in fact the joint venturers are entitled to recover, and when he is suing, in effect, on behalf of the partnership or joint venture, as the case may be. Indeed, it is settled practice that the courts, especially when jurisdictional questions arise, will align the parties as plaintiffs or defendants, wherever they justly belong. Hamer v. New York Railways Co., 244 U. S. 266, 37 Sup. Ct. 511, 61 L. Ed. 1125.

It is further contended that the allegation in paragraph 16 of plaintiff's affidavit:

"That the plaintiff in this action has, on account of the defendant's default as set out herein, sustained damages in the sum of $727,923.99, with interest thereon from the 10th day of July, 1919"

—is a mere conclusion of law, and cannot be considered by the court, unless the evidentiary facts supporting the conclusion are set forth. It is urged that no such facts are set forth in the moving papers, but, on the contrary, that it affirmatively appears from the moving papers that this conclusion cannot be true, because it affirmatively appears that the plaintiff has no possible claim to more than one-half of the sum of $727,923.99, and that, owing to the deductions which must be made for expenses and for previous payments, which had been made to the plaintiff out of the net profits, there is nothing before the court to show that the plaintiff is entitled to recover anything.

The answer is that the complaint proceeds on the theory of an account stated with and to the Nelken firm, and it is this amount for which recovery is sought. Further comment and analysis are unnecessary, for it abundantly appears that the moving papers set forth a cause of action, and that the Code requirements for the issuance of a warrant of attachment have been fully met.

[2] 2. The next question is whether Berlin and Stifter are indispensable parties, and, if so, whether a judgment can be had in the action, unless they are served within or submit to the jurisdiction. As no recovery is asked against Berlin and Stifter, nor could be asked upon the theory of the action, it might well be suggested that the court might for the purpose of the action treat Berlin and Stifter as plaintiffs, even though, under the New York Code, Berlin and Stifter must be joined as defendants. In all probability, if a jurisdictional question were involved, the court might well regard Berlin and Stifter as plaintiffs, under the authority of the Hamer Case, supra. The fact that Berlin and Stifter genuinely declined to join as plaintiffs would probably not change the principle, in view of the further fact that no judgment is asked against them.

But this and other questions presented by counsel need not now be decided. Section 50 of the Judicial Code (Comp. St. § 1032) deals only with judgments and decrees. Non constat, before the case comes on for trial, the defendant will have been served or will have submitted to the jurisdiction. The plaintiff has completely fulfilled the requirements of the New York Code. He has set forth one of the causes of action covered by section 635, and he has fulfilled through the medium of his affidavit the requirements of section 636. Upon the theory upon which the action is brought there is owing from the defendant bank to the joint venturers a sum of money on an account stated, which the defendant Berlin has refused to pay after demand, and, to repeat, no relief is asked against, plaintiff's joint venturers. In these circumstances, for purpose of attachment, service upon the defendants Berlin and Stifter was unnecessary, and the questions in respect of necessary or indispensable parties and the ability of the court to recover judgment do not now arise.

The motion to vacate is denied.