PETERS et al. v. STANDARD OIL CO.
OF TEXAS.

No. 12578.

United States Court of Appeals
Fifth Circuit.

May 4, 1949.

Cooper K. Ragan, of Houston, Tex., and Wendell Forse, of Newton, Tex., for appellants.

J. C. Hutcheson, III, of Houston, Tex., for appellees.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order of the court below, granting a preliminary injunction to stay proceedings in a state court. It involves the removal jurisdiction of the United States district court, including the doctrine of realignment of parties for federal jurisdictional purposes. Said injunction was granted to stay a threatened trial in the state court after a motion to remand had been overruled in the federal court.

This action was filed by appellants in the District Court of Newton County, Texas, to establish their title to an undivided one-fourth interest in 58½ acres of land in said county, and to cancel an oil, gas and mineral, lease executed by J. S. Peters (one of the plaintiffs) and E. A. Lindsey (one of the defendants) to Standard Oil Company, a Delaware corporation, one of the defendants below, and the sole appellee here. The appellant, Pearl D. Peters brought the suit individually and as next friend of her husband, J. S. Peters, who is alleged to be non compos mentis; and the ground upon which said lease is sought to be cancelled is that he was mentally incapable of undertaking or appreciating ordinary business transactions, and wholly lacking in legal capacity, at the time of the execution by him of said lease. Lindsey, who owns an additional undivided one-fourth interest in said land and who joined Peters in the execution of said lease, was alleged by appellants to be a person indispensable to a suit for the cancellation of said lease, and was made a party defendant.

■■■ Both Peters and his wife, as well as Lindsey, are citizens of Texas. The Standard Oil Company is a Delaware corporation, and for jurisdictional purposes is deemed a citizen of the state of its incorporation. Since oil is now being produced by appellee under the lease of Peters and Lindsey of their respective one-fourth interests in said land, it is obvious that Lindsey would be benefitted in the same way and to the same extent as Peters by the cancellation of said lease. Therefore, for jurisdictional purposes, Lindsey should be aligned with the appellants against the defendant-appellee, which, being regarded as done, reveals a separable controversy wholly between citizens of different states. It is well settled that federal courts are not bound by the alignment of the pleader as to parties plaintiff or defendant; but that they will work out the relation of each party to the suit according to the nature of his real interest, and then decide the question of jurisdiction. Pacific Ry Co. v. Ketchum, 101 U.S. 289, 25 L.Ed. 932; Harter v. Kernochan, 103 U.S. 562, 26 L.

Ed. 411; Carson v. Hyatt, 118 U.S. 279, 6 S.Ct. 1050, 30 L.Ed. 167; Blacklock v. Small, 127 U.S. 96, 8 S.Ct. 1096, 32 L.Ed. 70; Evers v. Watson, 156 U.S. 527, 15 S. Ct. 430, 39 L.Ed. 520; City of Dawson v. Columbia Avenue Saving Fund, Safe Deposit, Title & Trust Co., 197 U.S. 178, 25 S.Ct. 420, 49 L.Ed. 713; Helm v. Zarecor, 222 U.S. 32, 32 S.Ct. 10, 56 L.Ed. 77; Hamer v. New York Rys. Co., 244 U.S. 266, 37 S.Ct. 511, 61 L.Ed. 1125; City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47; Joseph Dry Goods Co. v. Hecht, 5 Cir., 120 F. 760.

■■ To warrant removal, under the applicable statute and the cases interpreting it, there need be only one controversy between the removing defendant and a citizen of another state. The statute, which was in force at the time this case was removed, is as follows: " * * * And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district." 28 U.S.C.A. § 71. Cf. New Title 28 U.S. C.A. § 1441(c), which reads as follows: "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

■■ The appellee relies for removal upon two other separable controversies, one over the proceeds of oil produced and sold by appellee from the property in question, and the other over alleged clouds upon the title of appellants to their one-fourth interest in said property; but it is not necessary for us to pass upon these other grounds, since we have rearranged the parties according to their real interests in the controversy over the validity of the lease from Peters and Lindsey to the appellee. This basic separable controversy, which is

164

of the requisite jurisdictional amount, which is wholly between citizens of different states, and which can be fully determined as between them, was sufficient to confer jurisdiction upon the federal court and to warrant removal thereto of the entire case, subject to remand by the federal district court, in its discretion, of all matters not properly triable therein. Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514; Brooks v. Clark, 119 U.S. 502, 7 S.Ct. 301, 30 L.Ed. 482; Connell v. Smiley, 156 U.S. 335, 15 S.Ct. 353, 39 L.Ed. 443; Geer v. Mathieson Alkali Works, 190 U.S. 428, 23 S.Ct. 807, 47 L.Ed. 1122; Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 189, 44 S.Ct. 266, 267, 68 L.Ed. 628, 31 A.L.R. 867; Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334; Tolbert v. Jackson, 5 Cir., 99 F.2d 513, rehearing denied, 5 Cir., 100 F.2d 909; Texas Employers Ins. Ass'n v. Felt, 5 Cir., 150 F.2d 227, 160 A.L.R. 931.

The court below having refused to remand this case, and having enjoined the parties from further proceedings in the state court, the question of its removability was properly raised on appeal from an interlocutory injunction. Since the court below, upon removal, had jurisdiction of this suit, it did not err in protecting its jurisdiction by enjoining proceedings in the state court. Schell v. Food Machinery Corp., 5 Cir., 87 F.2d 385; Johnson v. Butler Bros., 8 Cir., 162 F.2d 87.

The order appealed from is affirmed.