**GRANT COUNTY DEPOSIT BANK v. McCAMPBELL et al.**

No. 11393.

United States Court of Appeals,
Sixth Circuit.

Feb. 14, 1952.

470

L. M. Ackman, Williamstown, Ky., John E. Shepard, Covington, Ky., for appellant.

Weldon Shouse, Lexington, Ky., for appellees.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellees, partners engaged generally in the business of dealers in live stock, recovered judgment in the District Court against J. W. Eckler and the appellant Bank in the sums of $4,046.99 and $3,385.13 with 6% interest thereon, representing the purchase price of two shipments of cattle purchased by Eckler and for failure on the part of the Bank to properly handle two drafts in said respective amounts, drawn on Eckler and forwarded through banking channels by the appellees to the appellant for collection. The bank has taken this appeal. In addition to its defense on the merits, the Bank contends that the District Court was without jurisdiction in the matter.

With respect to the jurisdictional question, the facts are as follows: The complaint was filed on January 30, 1950 by R. H. McCampbell and Ray McCampbell, partners doing business as Kennett Murray Company of Montgomery, Alabama. It alleged that the partners were residents of Alabama, that the defendant Grant County Deposit Bank was a Kentucky corporation, and the defendant J. W. Eckler a citizen and resident of Kentucky. The Grant County Deposit Bank filed its answer on March 13, 1950. In taking depositions on May 8, 1950, it developed that the plaintiff partnership actually consisted of R. H. McCampbell and Ray McCampbell, and Kennett Murray Company, a partnership of Chicago, Illinois. An amendment to the complaint was filed on May 26, 1950 which stated this fact, and gave the names of the executive, general and managing partners of the Chicago partnership, and asked that they be added as parties plaintiff to the action. Thereafter, an Amended and Substituted Complaint was filed which named as parties plaintiff R. H. McCampbell, Ray McCampbell and numerous partners of the Kennett-Murray Company of Chicago, all non-residents and non-citizens of the State of Kentucky. This pleading stated that W. D. Brooks, a citizen and resident of Kentucky, was a partner in the firm of Kennett-Murray Company of Chicago and had refused to join the other partners as parties plaintiff, and he was

therefore made a party defendant. Following service of summons upon him, W. D. Brooks, on July 13, 1950, filed an "Answer and Disclaimer" to the Amended and Substituted Complaint in which he stated that he was a partner in the Kennett-Murray Company of Chicago, and that he declined and refused to join the other partners as parties plaintiff in the action. For further answer, he stated that "any interest that I may have in this litigation is both nominal and insignificant and at most my interest would be a sum less than Seventy-Five ($75.00) Dollars. My said interest, if any, is hereby waived, released by me and I disclaim fully and completely any right that I may have to collect my said interest, if any, in the sum or amount against the defendants, Grant County Deposit Bank, a corporation, and J. W. Eckler; and, further, I disclaim and waive any and all interest that might accrue to my benefit to the partnership known as Kennett, Murray & Company of Montgomery, Alabama, and also the partnership known as Kennett-Murray Company of Chicago, Illinois." He asked that his name be stricken and that the action be dismissed insofar as it pertained to him. The Bank, on September 12, 1950, filed an amended answer, which in addition to denying the material allegations of the claim as set up by the Amended and Substituted Complaint, denied the jurisdiction of the Court on the ground that Brooks was a partner of the plaintiffs and was required by law to be joined with them as parties plaintiff, with the result that his Kentucky citizenship destroyed the required diversity of citizenship between the plaintiffs and the Bank. It also asked that the Answer and Disclaimer of Brooks be stricken from the record as being without warranty or authority in law. The record shows the filing date of the Amended and Substituted Complaint to be September 27, 1950, which is subsequent to the filing dates of both the Answer and Disclaimer of Brooks and the Amended Answer of the Bank. However, apparently, the Amended and Substituted Complaint was tendered for filing and summons issued against Brooks prior to July 13, 1950, and the parties have treated it as having been filed as of that time. We will also consider it in that way. Rule 15(b), Rules of Civil Procedure 28, U.S.C.A.

Following the filing of affidavits and depositions, dealing with the merits of the claim, the Court ruled that it had jurisdiction in the matter and sustained a motion for default judgment against Eckler and a motion for summary judgment against the Bank. It dismissed the action insofar as it pertained to the defendant W. D. Brooks. This ruling and the assumption of jurisdiction was based upon the finding of the District Judge that Brooks, although a partner of the Chicago firm, had only a remote nominal interest, if any, in the recovery by the Montgomery firm and had expressly disclaimed any interest in the recovery.

■■■ In order for jurisdiction, based on diversity of citizenship, to exist there must exist a controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side. It is not conferred by the parties' own determination of who are plaintiffs and who defendants. It is the duty of the Court to look beyond the pleadings and arrange the parties according to their real interests in the suit. If such a realignment of parties by the Court destroys diversity of citizenship, jurisdiction does not exist. City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47. The rule is the same where one whose interest lies with the plaintiff is made a party defendant because of its refusal to sue. Hamer v. New York Railways Co., 244 U.S. 266, 274, 37 S.Ct. 511, 61 L.Ed. 1125. In the present case, Brooks' interest in the controversy, on account of his membership in the plaintiff partnership, was with the plaintiffs, and he must be realigned so as to make him a party plaintiff.

■■■ Where a partnership is a party to litigation, diversity of citizenship depends upon the citizenship of each individual partner. Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115, affirmed, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062;

Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 457, 20 S.Ct. 690, 44 L.Ed. 842. Since Brooks, realigned as a plaintiff, is a citizen of Kentucky, diversity of citizenship ceases to exist, and under the general rule jurisdiction would be lacking.

[7–9] Appellees contend that the rule is not applicable where such a party is merely a formal one and not an indispensable party to the litigation. Ban v. Columbia Southern Railway Co., 9 Cir., 117 F. 21. As shown by the facts in that case, a formal party is one who has no interest in the result of the suit and need not have been made a party thereto. Hamer v. New York Railways Co., supra, 244 U.S. 266, 271, 37 S.Ct. 511, 61 L.Ed. 1125. We recognized such an exception in the opinion in Schuckman v. Rubenstein, 6 Cir., 164 F.2d 952, 956. However, we held in that case that where a party is an indispensable one to the action, and his joinder in the suit destroys diversity of citizenship, he must nevertheless be joined as a party with the resulting loss of jurisdiction by the trial court. This is the well settled rule. Baltimore & O. R. R. v. Parkersburg, 268 U.S. 35, 45 S.Ct. 382, 69 L. Ed. 834; Kentucky Natural Gas Corp. v. Duggins, 6 Cir., 165 F.2d 1011, 1015. In our opinion, a partner has an interest in a partnership account arising out of a partnership transaction and is an indispensable party to an action seeking its enforcement. Snodgrass v. Broadwell, 12 Ky. 353, 2 Litt. 353, 356–357; Vinal v. West Virginia Oil & Land Co., 110 U.S. 215, 4 S.Ct. 4, 28 L.Ed. 124; City of Orlando v. Murphy, 5 Cir., 77 F.2d 702, 703; Minez v. Merrill, D.C.S.D.N.Y., 43 F.2d 201; Charne v. Essex Chair Co., D.C. 92 F.Supp. 164.

Appellees, however, contend that the disclaimer by Brooks of his interest in the claim changed him from an indispensable party to an unnecessary party, and that having been dismissed as a defendant, jurisdiction based on diversity of citizenship was not destroyed. Appellant contends that the question of jurisdiction is determined on the basis of conditions existing at the time the action was instituted, at which time Brooks was an indispensable party, and that his subsequent disclaimer is not effective. The general rule appears well settled that if jurisdiction exists at the time when the action was brought, it cannot be ousted by subsequent events. Mullen v. Torrance, 9 Wheat 537, 539, 6 L.Ed. 154; Kirby v. American Soda Fountain Co., 194 U.S. 141, 24 S.Ct. 619, 48 L.Ed. 911; Wichita R. & Light Co. v. Public Utilities Commission, 260 U.S. 48, 64, 43 S.Ct. 51, 67 L.Ed. 124; Kentucky Home Mutual Life Ins. Co. v. Duling, 6 Cir., 190 F.2d 797, 802. For example, a substitution of one party for another, or a change in citizenship of one of the parties, after the action has started, with a resulting loss of diversity of citizenship, does not oust jurisdiction previously acquired at the time of filing. Dunn v. Clarke, 8 Pet. 1, 8 L.Ed. 845; Hardenbergh v. Ray, 151 U.S. 112, 14 S.Ct. 305, 38 L.Ed. 93; Sanders v. Hall, 10 Cir., 74 F.2d 399, certiorari denied, 295 U.S. 739, 55 S.Ct. 653, 79 L.Ed. 1686; Cross v. Evans, 5 Cir., 86 F. 1, 4; Clarke v. Mathewson, 12 Pet. 164, 171, 9 L.Ed. 1041; Hood ex rel. North Carolina Bank & Trust Co. v. Bell, 4 Cir., 84 F.2d 136, 137. Nor does a reduction of the amount claimed below the required jurisdictional amount defeat jurisdiction previously acquired. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. But it does not follow that, in the absence of collusion, if jurisdiction does not exist at the time of filing it can not be later acquired by supplemental pleadings showing jurisdiction to exist. It appears well settled that if jurisdiction based on diversity of citizenship is defeated by the existence of parties who are not indispensable in an action, jurisdiction, although not existing at the time of filing, can be acquired by dismissing the action as to such parties. Carneal v. Banks, 10 Wheat. 181, 188–189, 6 L.Ed. 297; Horn v. Lockhart, 17 Wall. 570, 579, 21 L.Ed. 657; Grove v. Grove, C.C.Kan., 93 F. 865, 867; Irving v. Joint Dist. Council, etc., C.C.S.D.N.Y., 180 F. 896, 898; Columbia Digger Co. v. Rector, D.C.W.D. Wash., 215 F. 618, 624; Thomas v. Anderson, 8 Cir., 223 F. 41, 43. We believe the

rule is equally applicable where the parties who are dismissed are *at the time of dismissal* not indispensable parties, even though they may have been indispensable when the action was originally filed. Smith v. Consumers' Cotton-Oil Co., 5 Cir., 86 F. 359, 361–362. As a practical matter, federal jurisdiction could be invoked by the simple expedient of filing a new action with the omission of the party who had become unnecessary. A disclaimer of all interest in the action changes a party from an indispensable one to an unnecessary party. Jennings v. Smith, D.C.S.D.Ga., 242 F. 561, 564. We are of the opinion that upon the disclaimer by Brooks of any interest in the claim he ceased to be an indispensable party, and that upon the dismissal of the action as to him by the Court, jurisdiction based on diversity of citizenship existed in the Court to determine the case on its merits. Delaware County v. Diebold Safe Co., 133 U.S. 473, 486, 10 S.Ct. 399, 33 L.Ed. 674. See Adams v. City of Woburn, C.C.D.C. Mass., 174 F. 192, contra.

With respect to the merits of the case, the District Judge made the following Findings of Fact. The appellees, per instructions from Eckler, who had purchased live stock from them, issued sight drafts covering the shipments, which drafts were deposited in the First National Bank of Montgomery, Alabama, with instructions to forward to the appellant Bank at Williamstown, Kentucky, for presentation and collection. The drafts were accompanied with instructions that if they were not paid upon presentation the forwarding bank was to be notified by telegram. The drafts were not honored upon presentment, but notice of this fact was not given to the forwarding bank for several days thereafter. During this period of time and prior thereto, Eckler was in seriously depressed financial circumstances and owed several thousand dollars to the Grant County Deposit Bank. The Bank had instituted action in the State court against him for $12,460 and had asked for a general order of attachment. The Bank nevertheless withheld this information from the appellees and permitted it to advance credit to an individual whom it knew was not solvent, and thereafter extended credit, contrary to instructions, in making collection. The District Judge ruled that the appellant Bank was the agent of the appellees, that as such agent it was its duty to fully disclose the facts to its principal, and if the drafts were not honored upon presentation to follow its instructions explicitly with reference to notice of dishonor, and that in failing to perform these duties the appellant Bank was liable for the resulting loss.

Appellant contends that the Trial Judge was in error in disposing of the case by summary judgment proceedings, pointing out that whether it acted negligently in handling the drafts was a question of fact for the jury. Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967. But liability in this case was not dependent entirely upon negligence. Independent of negligence, the foregoing facts showed that the appellant failed to follow the instructions of its forwarding bank and without authority extended credit to Eckler by not requiring him to pay the drafts upon presentment, although well aware of his unsatisfactory financial condition. The facts pertaining to this phase of the case were established mainly by appellant's own witnesses and involved no genuine issue for submission to a jury. Liability followed from them as a matter of law and the Trial Judge was correct in so ruling. Kentucky Revised Statutes, §§ 357.020, 357.050; Second National Bank of Louisville v. Merchant's National Bank, 111 Ky. 930, 65 S.W. 4, 55 L.R.A. 273; Long v. Bank of Commerce, 38 S.W. 886, 18 Ky. Law Rep. 922; Bank of Forest v. Capital National Bank, 173 Miss. 99, 160 So. 578, 101 A.L.R. 589, annotation, at page 593.

The judgment is affirmed.