HOWARD JOHNSON OF KINGSPORT, INC.,

v.

CITY OF KINGSPORT and D. W. Moulton, Commissioner of Highways & Public Works of the State of Tennessee.

Civ. A. No. 1488.

United States District Court
E. D. Tennessee,
Northeastern Division.

Jan. 26, 1961.

Z. T. Osborn, Jr., Nashville, Tenn., George D. Webster, Washington, D. C., for plaintiff.

Clifford E. Sanders, Kingsport, Tenn., Edwin F. Hunt, Nashville, Tenn., James M. Glasgow, Nashville, Tenn., Ernest F. Smith, Kingsport, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Defendants, City of Kingsport and D. W. Moulton, Commissioner of Highways and Public Works of the State of Tennessee, filed a motion to dismiss this action for lack of jurisdiction. D. W. Moulton also filed a motion to dismiss, alleging independent grounds therefor, which, for reasons noted below, are now moot.

The plaintiff in the cause, as alleged in the complaint, is Howard Johnson of Kingsport, Inc., an Alabama corporation; and the defendants are the City of Kingsport, D. W. Moulton, Sevier Terrace Realty Company, a Tennessee corporation, and M. J. Morison, Jr. and wife, Annie Laura Morison, residents of Kingsport, Tennessee.

The motion was filed on November 14, 1960. At a preliminary hearing thereon on December 19, 1960, the question was raised whether D. W. Moulton, as an official of the State of Tennessee could be sued without the consent of the State. Plaintiff was allowed 10 days by the Court to consider the question and to amend its complaint if deemed desirable. Plaintiff subsequently filed an amended complaint on December 29, 1960 in which D. W. Moulton was dropped as a party defendant, and the Court entered an or-

der dismissing the original complaint as to him. By mutual consent the motion to dismiss is treated by the remaining parties as applying to the amended complaint since the grounds of the motion as they relate to the other parties are unaffected by the dismissal as to Commissioner Moulton or by the allegations of the Amended Complaint.

The bases of the motion as now before the Court are (1) that the requisite diversity of citizenship under Title 28 U.S.C. § 1332 is absent since the dispute is actually between Howard Johnson of Kingsport, Inc., Sevier Terrace Realty Company, a Tennessee corporation, and M. J. Morison, Jr. and wife, Annie Laura Morison, residents of Tennessee, on the one hand, and City of Kingsport, a Tennessee corporation, on the other; and that Howard Johnson of Kingsport, Inc. was not at the time of filing suit an Alabama corporation; and, (2) that the matter in controversy does not arise under the Constitution, laws or treaties of the United States, and, therefore, is not within the jurisdiction conferred by Title 28 U.S.C. § 1331.

On the question whether the requisite diversity of citizenship exists, it appears from the pleading and from the briefs in support of, and in opposition to, the motion to dismiss: That plaintiff, Howard Johnson of Kingsport, Inc., allegedly an Alabama corporation, holds an option upon certain lands in the City of Kingsport, Tennessee, which are owned in fee simple by defendants M. J. Morison, Jr. and wife, Annie Laura Morison, and Sevier Terrace Realty Company, a portion of which will be (or has been) taken in the widening and reconstruction of U. S. Highway 11–W; that the question, should the merits be reached in the case, is whether right of free access will exist from the remaining lands adjoining the new highway to those which are taken for the construction of said highway; that there is no controversy between the plaintiff optionee of said property and the defendant owners in fee simple who are citizens and residents of the State of Tennessee; and that the real controversy is between those holding various interests in said property on the one hand and the City of Kingsport, acting in behalf of the State of Tennessee in connection with the condemnation of the lands for the highway, on the other.

In Grant County Deposit Bank v. McCampbell, 6 Cir., 194 F.2d 469, 470, 471, 31 A.L.R.2d 909, the Court of Appeals said:

"In order for jurisdiction, based on diversity of citizenship, to exist there must exist a controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side. It is not conferred by the parties' own determination of who are plaintiffs and who defendants. It is the duty of the Court to look beyond the pleadings and arrange the parties according to their real interests in the suit. If such a realignment of parties by the Court destroys diversity of citizenship, jurisdiction does not exist. City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47. * * * In the present case, Brooks' interest in the controversy, on account of his membership in the plaintiff partnership, was with the plaintiffs, and he must be realigned so as to make him a party plaintiff."

See also Hamer v. New York Railways Co., 244 U.S. 266, 274, 37 S.Ct. 511, 61 L.Ed. 1125; City of Indianapolis et al. v. Chase National Bank, Trustee et al., 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47; and Lowry v. International Brotherhood, etc., 5 Cir., 259 F.2d 568, 570.

As Mr. Justice Frankfurter said in the Indianapolis case [314 U.S. 63, 62 S.Ct. 17], "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." Whether there is a " 'collision of interests' * * * must be ascertained from the 'principal purpose of the suit' * *

and the 'primary and controlling matter in the dispute.' "

It is the opinion of the Court that there is no collision of interest between plaintiff and defendants, Sevier Terrace Realty Company, and M. J. Morison, Jr. and wife, Annie Laura Morison, and that these defendants must be realigned with plaintiff. Such realignment is fatal to the jurisdiction of the Court for reasons of diversity.

It becomes unnecessary, therefore, to consider whether Howard Johnson of Kingsport, Inc. is a Tennessee resident or an Alabama corporation.

We now come to the more difficult question, whether plaintiff, having failed to make out a case for jurisdiction on the basis of diversity of citizenship, has met the burden of alleging the existence of a controversy arising under the Constitution or laws of the United States. The criteria for such jurisdiction have been detailed by Mr. Justice Cardozo in Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70, from which we quote:

"How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Starin v. New York, 115 U.S. 248, 257, 6 S.Ct. 28, 29 L.Ed. 388; First National Bank v. Williams, 252 U.S. 504, 512, 40 S.Ct. 372, 374, 64 L.Ed. 690. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. Ibid; King County v. Seattle School District, 263 U.S. 361, 363, 364, 44 S.Ct. 127, 128, 68 L.Ed. 339. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto (New Orleans v. Benjamin, 153 U.S. 411, 424, 14 S.Ct. 905, 38 L.Ed. 764; Defiance Water Co. v. Defiance, 191 U.S. 184, 191, 24 S.Ct. 63, 48 L.Ed. 140; Joy v. St. Louis, 201 U.S. 332, 26 S.Ct. 478, 50 L.Ed. 776; City and County of Denver v. New York Trust Co., 229 U.S. 123, 133, 33 S.Ct. 657, 57 L.Ed. 1101), and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. Tennessee v. Union & Planters Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126; The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716; Taylor v. Anderson, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218. Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense. Devine v. Los Angeles, 202 U.S. 313, 334, 26 S.Ct. 652, 50 L.Ed. 1046; The Fair v. Kohler Die & Specialty Co., supra."

This Court is fully aware of the principle that jurisdiction where a controversy is alleged to exist under the Constitution and laws of the United States must be disclosed upon the face of the complaint. Gully v. First Nat. Bank, supra, 299 U.S. at page 113, 57 S.Ct. at page 98; Shelby Co. et al. v. Fairway Homes, Inc. and United States of America, 6 Cir., 285 F.2d 617; and Teague v. Brotherhood of Locomotive Firemen, etc., 6 Cir., 127 F.2d 53, 55. It, nevertheless, out of an excess of caution, asked for affidavits from the parties as to certain facts alleged in the complaint. These affidavits were not particularly helpful and the Court will now do what it perhaps should have done at the outset, examine the allegations of the Amended Complaint for a determination of jurisdiction on this phase of the case.

Boiled down, the basic allegations are these: The plaintiff and the parties now realigned with him are optionee and owners, respectively, of certain lands lying along the newly located highway 11–W in the City of Kingsport where optionee proposed to put a Motor Lodge and Restaurant under license from the Howard D. Johnson Company. Plaintiff seeks access to the highway at a point of its own choosing, but avers that the City of Kingsport and Commissioner Moulton (no longer in the case) have insisted that they will permit no "breaking of the curb" of said highway for access thereto except at points designated by said City of Kingsport and Moulton at a distance of some hundreds of feet from the site of the proposed Howard Johnson Motor Lodge and Restaurant and necessitating the construction of a frontage road. Plaintiff further alleges licensor, Howard D. Johnson Company, refuses to permit amendment of its franchise whereby the Motor Lodge and Restaurant would front upon any access or frontage road and that plaintiff is in imminent danger of having its license cancelled for that reason. Paragraph 10 of the Amended Complaint reads as follows:

"The new construction of said Highway U. S. 11–W from Bristol, Tennessee, to Kingsport is some twenty-two (22) miles in length. The property had by the plaintiff and said landowner defendants is the only land adjacent to and fronting upon said twenty-two miles to which free and unlimited access to said highway is now being denied. The defendant City of Kingsport, while acting under color of state law or otherwise under color of authority, has prohibited access to said highway from the property of the defendant landowners with 'purposeful discrimination.' A Holiday Inn Motel is being constructed on the same interchange as the interchange on which the property had by the plaintiff and the said landowner defendants is situated, and no limitation of access has been asserted as to this Holiday Inn Motel, even though the traffic conditions and all other relevant circumstances are substantially the same. The owner of this property is W. B. Greene, a member of the Board of Mayor and Aldermen of the City of Kingsport until 1959, this being the reason that he has received favored treatment over the plaintiff and the landowner defendants. The City of Kingsport and State of Tennessee moved a county road and transferred a state right-of-way to W. B. Greene to enable said W. B. Greene to qualify under the city zoning requirements. This is 'purposeful' discrimination on the part of the defendant. The owner of another piece of property on this same interchange is J. L. Latimer, Jr., who was also a member of the Board of Mayor and Aldermen of the City of Kingsport until 1957. This property does not have any limitation of access as asserted against plaintiff and the landowner defendants. Mr. Latimer has on several recent occasions sought to secure the Howard Johnson franchise and lease of the plaintiff from the Howard D. Johnson Company, stating that this property of his did not have the limitation of access to which plaintiffs' property was subjected and that the plaintiff would never get its property without limitation of access as long as it was the owner thereof. The said W. B. Greene and Latimer recently acquired their interests on this interchange, but the plaintiff (or its stockholders) and the landowner defendants and their predecessors have owned their property for over one hundred and twenty-five years. The defendant Sevier Terrace Realty Company has other properties on this same interchange which is not zoned commercially and on which applications for rezoning have been pending since 1958 before the defendant City of Kingsport without final action thereon."

In Weaver v. Pennsylvania-Ohio Power & Light Co., 6 Cir., 10 F.2d 759 the question, whether the relocation of a highway across plaintiff's land was by public necessity or the result of collusion of highway authorities and private interests to use the power of eminent domain in violation of the Fifth and Fourteenth Amendments of the U. S. Constitution, was in issue. Although the District Court concluded there was no abuse of power and the Court of Appeals affirmed, nevertheless, the case is important for its statement of the considerations involved in taking jurisdiction. We quote from page 760:

"Upon the merits, the broad controlling question is whether the paramount reason for taking the plaintiff's land was the public interest, to which benefits to private interests were merely incidental, or whether, on the other hand, the private interests were paramount and controlling, and the public interests merely incidental.

"As the bill charges collusion between the highway authorities and private interests to use the power of eminent domain in taking plaintiff's land for private purposes, and without public necessity therefor, the District Court had jurisdiction, on elementary principles, to entertain bill for injunction."

The same question was involved in Myles Salt Co. v. Iberia Drainage Dist., 239 U.S. 478, 479, 36 S.Ct. 204, 206, 60 L.Ed. 392, in which the Drainage Dist. sought to condemn elevated land owned by plaintiff which it was alleged could not be benefited even indirectly by the drainage and that it was included for the "predetermined 'purpose of deriving revenue to the end of granting a special benefit to the other lands subject to be improved by drainage, without any benefit' to plaintiff 'or its property whatever' present or prospective." The Supreme Court noted that the law of the State was not attacked, but that the administration of the law was attacked and asserted to be a violation of the Constitu-

tion of the United States. It concluded that the question presented was a Federal one and the motion to dismiss should be denied. The Court went further and decided the case on the merits saying in 239 U.S. on page 485, 36 S.Ct. on page 206:

"It is to be remembered that a drainage district has the special purpose of the improvement of particular property, and when it is so formed to include property which is not and cannot be benefited directly or indirectly, including it only that it may pay for the benefit to other property, there is an abuse of power and an act of confiscation. Wagner v. Baltimore, ante, p. 207 [Wagner v. Leser, 239 U.S. 207, 36 S.Ct. 66, 60 L.Ed. 230]. We are not dealing with motives alone but as well with their resultant action; we are not dealing with disputable grounds of discretion or disputable degrees of benefit, but with an exercise of power determined by considerations not of the improvement of plaintiff's property but solely of the improvement of the property of others—power, therefore, arbitrarily exerted, imposing a burden without a compensating advantage of any kind."

Our Court of Appeals considered the Constitutionality of arbitrary action by the Michigan Liquor Control Commission in Glicker v. Michigan Liquor Control Commission, 6 Cir., 160 F.2d 96. The Court, in reversing the action of the District Court in dismissing the complaint for failure to state a cause of action, said on page 99, referring to the case of Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497:

"Numerous other cases fully sustain the rule that the constitutional rights provided by the equal protection clause of the Fourteenth Amendment to a person within the state are violated by intentional discriminatory action against him on the part of the State, acting either through its legislative body or by administrative action of its officials,

**216**

and that remedial action is provided therefor by Section 1979, Revised Statutes. The provisions of that section are not restricted to 'privileges, or immunities of citizens of the United States,' but include 'rights * * * secured by the Constitution.'"

■ We must conclude in the light of these decisions that Paragraph 10 of the Amended Complaint has alleged arbitrary and discriminatory action on the part of the City of Kingsport and that the complaint does on its face allege violation of the Fourteenth Amendment of the Constitution of the United States. The motion to dismiss is denied.

An order will be prepared in conformity with this memorandum, and will include a provision allowing the last amendment to the complaint.