**BUNDAG, A. G., and Dr. med. Friedrich Ruter et al., Plaintiffs,**

v.

**EURAMERICA CORPORATION et al., Defendants.**

Civ. A. No. CA–1–80–81.

United States District Court,
N. D. Texas,
Abilene Division.

March 5, 1981.

James Pearson, Ponder & Pearson, Sweetwater, Tex., Paul C. Cook, Bedford, Tex., for plaintiffs.

Jerry L. Hughes, Bliss & Hughes, Dallas, Tex., for defendants.

## ORDER OF REMAND

WOODWARD, Chief Judge.

On March 19, 1979, a named plaintiff, Euramerica 1972 Partnership, filed its original petition in the 32nd Judicial District Court of Nolan County, Texas, naming as the defendants the following:

Euramerica Corporation, Great Western Oil and Gas, Inc., Great Western Petroleum, Inc., Jules Franklin, Robert Borntraeger, and Charles R. Broyles. This case lay dormant until August of 1980 and specifically no petition for removal of the case to the United States District Court was filed by the defendants until December 31, 1980.

The original petition in the State Court alleges that the plaintiff was a limited partnership which included only one general partner, Euramerica Corporation (which is also the named defendant). The petition further alleged that "the real parties in interest as plaintiff are the limited partners of said limited partnership, being numerous citizens and residents of West Germany and Switzerland."

Plaintiff is seeking damages and declaratory relief because of the mismanagement of the assets of the limited partnership by the general partner, Euramerica Corporation, and the other defendants.

On August 26, 1980, a Petition of Intervention was filed by some three hundred thirty-two of the limited partners who were named individually as intervenors in this suit. Thereafter on December 30, 1980, the plaintiff voluntarily dismissed the Euramerica 1972 Partnership as a plaintiff leaving only the named limited partners as parties plaintiff. The next day, December 31, 1980, defendants removed the suit to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1441, alleging that by the dismissal of Euramerica 1972 Partnership, diversity of citizenship between the named plaintiffs (limited partners) and the defendants was created for the first time.

Plaintiffs have filed their motion to remand and it is this motion that is before the court at this time.

The questions for this court to decide are at what point complete diversity of parties first occurred and ultimately whether the defendants timely removed the case to this court. There is no dispute between the parties that when the three hundred and thirty-two individual plaintiffs were named, that there was complete diversity between these individual plaintiffs and each of the named defendants in this case. Further, there is no question that the defendants filed their petition for removal within thirty days after the limited partners had been made parties to the suit in their individual names.

The defendants oppose remand to the State Court and it is their position that as general partner of Euramerica 1972 Partnership, Euramerica Corporation remained a plaintiff in this case until December 30, 1980 when the partnership was dismissed out of the suit. Euramerica Corporation is also a defendant in this action and therefore defendants contend that diversity could not exist between this particular plaintiff and this particular defendant and that diversity first arose on December 30, 1980.

■ Complete diversity of citizenship between parties opposed in interest is a requisite of diversity jurisdiction. However, the court is not bound by the pleadings and the manner in which the parties are formally aligned. On the contrary, it is the duty of the court to look beyond the pleading and arrange the parties according to their actual side in the controversy. *Indianapolis v. Chase Natl. Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 16, 86 L.Ed. 47 (1941). The court must realign so that the parties with the same "ultimate interests" in the outcome of the case are on the same side. *Hamer v. New York Rys. Co.*, 244 U.S. 266, 37 S.Ct. 511, 61 L.Ed. 1125 (1917).

■ Further, in determining whether complete diversity exists, nominal or formal parties may be disregarded. *Salem Trust Co. v. Manufacturers' Fin. Co.*, 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628 (1924). This is true even though the nominal party is required by law to join the suit. Instead, the court must consider the citizenship of the real parties in interest in deciding whether diversity jurisdiction exists.

■ In the present case, the plaintiff's original petition in the State Court seeks recovery from the general partner and defendant, Euramerica Corporation, for moneys allegedly received that belonged to the limited partners and for certain acts by said general partner that the limited partners claim had damaged them. Although the plaintiff was formally designated as the partnership itself when the case was filed, this court must look beyond this designation and make a practical determination based on the nature of the dispute. The real dispute in this case is between the limited partners and the general partner. The partnership itself has no stake in the outcome of the lawsuit, but rather its limited partners are the ones entitled to recovery should the allegations be proven as true. *Betar v. DeHavilland Aircraft of Canada, Ltd.*, 603 F.2d 30 (7th Cir. 1979).

Although Euramerica Corporation is a general partner in the originally named plaintiff, it is a nominal plaintiff only, and is actually a real party in interest on the defendant's side. The original petition sought relief on behalf of the limited partners from and against Euramerica Corporation, the general partner. The limited partners and the general partner have opposite interests in the outcome of the litigation. Therefore, Euramerica Corporation should be treated as a party defendant for jurisdictional purposes.

Further, the defendants' theory will not hold up because the original petition by plaintiff specifically excludes Euramerica Corporation as a plaintiff. Although the first paragraph of the petition names Euramerica 1972 Partnership as plaintiff, this is limited in the following paragraph I wherein the plaintiffs alleged the real parties in interest to be the limited partners who would be the ones entitled to recovery should the plaintiff prevail on the trial of the merits of the case. In other words, the

original petition restricts the class of plaintiffs to be the limited partners who are citizens of West Germany and Switzerland, and although these individuals are not named, the identity and name and address of each limited partner was available to the defendants through the information of the general partner, Euramerica Corporation.

Therefore, the court has determined that on March 19, 1979 when the State Court suit was filed, all of the real parties in interest as plaintiffs were residents of either West Germany or Switzerland, and that none of the defendants were residents or citizens of either West Germany or Switzerland, and therefore there was complete diversity when the suit was originally filed. Since the defendants did not file a petition to remove the case to the United States District Court within thirty days after the date of the filing of the original petition in accordance with 28 U.S.C. § 1446(a) and (b), they have no further right to such removal. This court has no jurisdiction in this case and the plaintiff's motion to remand is granted. The case and all records herein will be transferred by the Clerk of this court to the Clerk of the 32nd Judicial District Court of Nolan County, Texas.